Fort Worth & Rio Grande Railway Company v. E. B. Harrold.

Decided February 23, 1907.

**Completed Sale—Evidence.**

In a suit against a railroad company for damages caused by a failure to promptly furnish cars for the shipment of cattle, evidence considered and held to show that plaintiff's purchase of the cattle was complete and the title was in him at the time of the damage.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*C. H. Yoakum, West, Chapman & West* and *Theodore Mack,* for appellant.

*Miller & Dycus,* for appellee.

STEPHENS, Associate Justice.—Appellant failed to comply with its agreement with appellee to furnish cars on a given day at Comanche, Texas, for the transportation of several hundred steers from that point to Waxahachie, Texas, where appellee had arranged to place them on feed; and the delay in furnishing the cars resulted in injury to the cattle. The damage, as fixed by the verdict and judgment, amounted to $1,000.

Only one question is submitted in the brief of appellant, and that is, whether the court erred in refusing to give the following charge:

"If you find from the evidence that when plaintiff purchased the cattle in question from J. H. Bryson, it was agreed and understood between Bryson and him that Bryson was to deliver said cattle at Comanche, Texas, and load them on the cars and draw a draft on plaintiff for the

purchase price thereof, in such event the cattle were the property of said Bryson until the same were so loaded on the cars, and plaintiff can not recover for any damages they suffered while in the pens at Comanche, and you will therefore return a verdict for the defendant."

When Bryson placed the cattle in appellant's pens at Comanche he made all the delivery necessary to pass the title, if indeed the title had not already passed to appellee, and it was the detention there till the cars were furnished that caused the damage. There was nothing in the terms of the sale from Bryson to appellee to warrant the inference that the title to the cattle was not to pass till they were loaded on the cars. Harrold testified, and there was nothing to the contrary, that he "just bought the cattle in the pasture for so many dollars a head," and that Bryson was to put them on the cars for him at Comanche without any extra pay. When asked if Bryson was to deliver them to him on board the cars, he answered "No, in the pens." He further testified: "I ordered the cars myself for the cattle and went to the agent of the road and called him out and I says 'O, Hasse, I don't want no mistake on this; whenever you find out you can get these cars you notify Bryson here and let him fetch the cattle in and load them; now don't order them in without you know certain'; he says 'All right, I will do it'; then Bryson says an order came to have them in at one o'clock, and I know I called him out of the office to the north side of the depot and told him to be careful about that because I didn't want them jammed up in the pens because the pens were small; I used all the precaution I could."

It is therefore manifest that whatever injury the cattle sustained after they had been placed in the pens at Comanche was appellee's loss, and the privity of contract between him and appellant certainly entitled him to maintain the action. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.