CROCKER v. MANN.

(Court of Civil Appeals of Texas. San Antonio. May 1, 1912.)

1. JUSTICES OF THE PEACE (§ 44*)—JURISDICTION—AMOUNT IN CONTROVERSY.

Plaintiff sued before a justice to recover $153.66; $100 of the amount growing out of his suretyship on a note for defendant and the balance on another claim. The entire debt on which plaintiff was surety was $250, and plaintiff claimed that his share of the debt amounted to $100. Held, that the amount plaintiff demanded, and not the whole amount of the note, was the amount in controversy before the justice; and, since this amount could in no event exceed $200, which was the limit of the justice's jurisdiction, the justice had jurisdiction of plaintiff's entire claim, regardless of the fact that, on objection made, plaintiff filed a supplementary complaint, dismissing the $100 claim, after which the case proceeded to recover the balance only.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

2. JUSTICES OF THE PEACE (§ 174*)—SET-OFF AND COUNTERCLAIM—STATUTES—EFFECT.

Sayles' Ann. Civ. St. 1897, art. 358, provides that no set-off or counterclaim shall be set up in the county court on appeal which was not pleaded in the justice's court. Held, that such provision was merely a rule of pleading

or practice enabling plaintiff to prevent any new pleading of such matters; but that, if the parties saw fit to try matters, not so pleadable, to judgment, without objection, the judgment would be conclusive, provided the amount of the set-off or counterclaim was within the court's jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

Appeal from San Patricio County Court; P. A. Hunter, Judge.

Action by J. B. Crocker against W. B. Mann. From a judgment of dismissal from the county court, plaintiff appeals. Reversed and remanded.

Jones & Childers and R. L. Evans, all of Sinton, for appellant. Pope & Taylor, of Corpus Christi, for appellee.

JAMES, C. J. This cause was begun in the justice's court by J. B. Crocker, who sued W. B. Mann to recover $153.66 upon account. An attachment was sued out and levied. Defendant filed demurrers and general denial. A motion to quash the attachment was by the justice overruled. This motion to quash was upon the ground that the affidavit and application for the attachment showed that $100 of plaintiff's claim was due by reason of plaintiff's having been a surety on a note for defendant, and that no judgment had been obtained in any court, determining that said note had not been paid, nor who was liable for its payment, and that it did not allege that plaintiff paid said $100 at defendant's request, nor that plaintiff was compelled to pay the note, but that he did it voluntarily. Plaintiff filed his supplemental complaint, dismissing that $100 from his claim, which was allowed by the justice, and the case was tried on the amended complaint, resulting in a judgment for $53.66 and foreclosure of the attachment lien and the costs. Defendant appealed to the county court. Plaintiff there filed amended complaint, renewing his dismissal of so much of his action as was based on the suretyship.

Defendant filed in the county court an answer of general denial, and set up that plaintiff owed him $9 for a trip to San Antonio, $30 for work done, making a total of $39, for which he asked judgment. Also that the attached property was his business homestead and exempt, and that when said property was attached defendant was fixing to make it his actual homestead by moving it upon his five acres; that by reason of the attachment he was compelled to pay rents for his family, and also lost the rents or use of the house, to his damage $100, praying for a total judgment of $139 and costs.

When the cause came to trial, the county court dismissed the appeal for want of jurisdiction, stating the following to be the facts found: "That plaintiff brought his suit in the justice's court for $153.66; $100 of said $153.66 is claimed by the plaintiff as being his share as a surety on a $250 note, claiming that as his share of the liability on said note; and the evidence shows that the defendant is the principal, from the testimony of the plaintiff. That upon such facts the court found that the entire note is a question in controversy, making the amount in controversy over $300. The court further found that the plaintiff cannot dismiss any part of his claim, after he came into court with a sworn account, in order to come within the jurisdiction of the justice's court. That the justice's court had no jurisdiction of the subject-matter in controversy, and this court has no jurisdiction on appeal."

It is evident from the justice's transcript that plaintiff sued for two items, one for $100 and one for $53.66, separate and distinct matters, which should properly not have been joined, and for which suit could have been brought separately. Although the $100 demand was based upon and grew out of a transaction involving a note for $250, all that was demanded of defendant in respect thereto was the sum of $100. It clearly appears that plaintiff abandoned and dismissed, in the justice's court, this demand for $100, which he had the right to do, leaving the $53.66 as the amount in controversy, so far as he was concerned. Defendant set up no set-off, reconvention, or counterclaim in the justice's court.

In the county court, defendant pleaded matters in set-off and counterclaim, amounting to $139, and asked judgment thereon, as will appear in the above statement of the pleadings.

[1] We do not agree with the trial court that more than $200 was in controversy in the justice's court. Plaintiff placed in controversy the amount of $153.66, part of which was an item of $100, which he claimed was due him, growing out of a suretyship note. The amount of the note, with reference to which plaintiff propounded this claim for $100, was not in controversy, though it may have been necessary to consider it in determining whether or not plaintiff was entitled to demand of defendant $100 by reason of the circumstances surrounding the transaction. The amount in controversy in no event exceeded $200, the limit of the justice's jurisdiction, whether we consider the abandonment by plaintiff of the item of $100, or not.

[2] The statute (article 358, Sayles' Rev. St.) provides that no set-off or counterclaim shall be set up by the defendant in the county court on appeal which was not pleaded in the justice's court. This, in our opinion, is merely a rule of pleading or practice. It enables the plaintiff to prevent any new pleading of such matters. The court, notwithstanding said statute, would have jurisdiction to adjudicate and give effect to

such matters; and, if the parties see fit to go on and try same to judgment, without objection, the judgment in that respect would not be void, but conclusive, provided the amount of the set-off or counterclaim be within the court's jurisdiction. Wentworth v. King, 49 S. W. 696; Gillett v. Moody, 54 S. W. 35. It follows that such matter, in extent more than $100, having been pleaded and remaining in controversy in the county court, without having been stricken out on exceptions of plaintiff, this court has jurisdiction of the appeal.

The judgment of this court is that the court erred in dismissing the appeal from the justice's court for want of jurisdiction; and therefore its judgment is reversed, and the cause remanded.