## CHRISTIAN–HOLMES CEDAR CO. v. DEWEES CEDAR CO.  (No. 6384.)

(Court of Civil Appeals of Texas. San Antonio. April 14, 1920. Rehearing Denied May 12, 1920.)

1. **Logs and logging ⚖️3(15)—Evidence as to notice of ownership held properly excluded in suit for conversion of timber.**

In an action against a former partner for conversion of timber, where it appeared that defendant converted such timber in order to pay a note on which he was jointly liable with plaintiffs, a letter by a third person to plaintiffs notifying them that he had purchased the timber was properly excluded; it appearing that plaintiffs and defendants purchased such timber with full notice of such third person's claim.

2. **Dismissal and nonsuit ⚖️63—Party having no interest in controversy may be dismissed.**

In an action for conversion of certain timber brought against a partner by former partners, a defendant who had never been a member of the partnership and had no interest in the controversy was properly dismissed.

3. **Set-off and counterclaim ⚖️54—Error as to offset of liquidated demand against damages arising from tort may be waived by failing to object.**

In an action against a defendant by former partners for conversion of certain timber, wherein defendant sought to set off payments made by him for plaintiffs' benefit, failure to object to the offset of a liquidated demand against damages arising from tort constituted a waiver.

Appeal from District Court, Uvalde County; Joseph Jones, Judge.

Action by the Christian-Holmes Cedar Company, a partnership composed of Ed. A. Christian and H. C. Holmes, against the Dewees Cedar Company, a partnership composed of Joe H. Vanham and J. H. Dewees. Judgment for defendants, and plaintiffs appeal. Affirmed.

W. D. Love, of Uvalde, for appellants.
G. B. Fenley, of Uvalde, for appellees.

FLY, C. J. This is a suit instituted by appellant company, a partnership composed of Ed. A. Christian and H. C. Holmes, against appellees, a partnership composed of Joe H. Vanham and J. H. Dewees, to recover the value of certain cedar timber cut and stacked at different places and growing on a certain tract of 320 acres of land and a tract of 40 acres on which appellants had bought all of the growing cedar trees. They claimed $2,675 for the cut cedar and $2,000 for growing cedar, aggregating $5,675. In a rather voluminous answer by J. H. Dewees it was alleged that in 1917 he and Christian and Holmes had entered into a partnership to handle and sell cedar, under the firm name of the Dewees Cedar Company; that they purchased from R. P. Gibson all the cedar on three certain tracts of land owned by him in Uvalde county, and in payment therefor gave five notes for $100 each and a sixth for $250, payable one note monthly until all were paid, a lien being reserved on the cedar to secure the payment of the notes, default in payment of one to make all due if desired by the holder; that on the same date the partnership bought from Mary Gibson all the cedar growing and to grow for five years on her tract of 320 acres of land, the consideration being $600, evidenced by six notes for $100 each, payable monthly until all were paid and secured by a lien on the cedar, and with same provision as in the other contract that default in payment of one note should cause all to become due, if the holder so desired; that afterwards, on March 20, 1917, the partnership was dissolved, Dewees selling out to his partners for the sum of $775, being the amount Dewees had advanced to the partnership, and they also assumed payment of the debts due and to become due for the cedar timber. It was further alleged that some of the notes given for the timber were paid, but a larger number remained unpaid, and in September, 1917, appellants abandoned the business of the partnership and remained away from Uvalde county, leaving the cut cedar on the ground and uncut cedar on the land. The notes matured; and appellants failed and refused to pay them, the notes given to R. P. Gibson, and the ones remaining unpaid given to Mary Gibson, being the property of R. P. Gibson, and the said Dewees, being liable on the notes, sold a sufficient amount of the cut cedar and that growing to pay the debts, and he extinguished a portion, but not all, of such debts with the proceeds. Dewees pleaded a balance due him as an offset against the claim of appellants. Joe Vanham filed a general denial, and, under oath, denied that he was ever at any time a member of the firm of the Dewees Cedar Company.

In a supplemental petition appellants alleged that they had paid all of the Mary Gibson notes, and that R. P. Gibson had sold two of the tracts to one Myrick, who was claiming the cedar timber thereon, and in a trial amendment it was alleged that the parties sued were doing business under the name of the Uvalde Cedar Company instead of the Dewees Cedar Company. The cause was tried without a jury, and judgment rendered that appellants recover of J. H. Dewees $1,022.10, and Dewees recover of appellants $1,091.10, leaving a balance in favor of Dewees of $74, and Vanham was dismissed from the cause.

[1] Appellants sought to introduce a letter written by Russell Myrick to appellants in which he notified them that he had purchased the timber on the R. P. Gibson land from the latter, and warning appellants not to interfere with his rights, but the letter was excluded, and such exclusion is made the subject of the first assignment of error. There was no plea of failure of consideration of the notes, and it was conclusively shown by the evidence that appellants, with Dewees, purchased the timber from Gibson with full notice of Myrick's claim. The only proposition under the assignment is not germane to it, but relates to a different matter altogether. The assignment is overruled.

[2] The evidence showed beyond cavil that Dewees alone had cut the cedars and sold them to pay the debts contracted by the Dewees Cedar Company, and Vanham had no connection with the transaction whatever, and consequently it was not error to dismiss Vanham from the suit. Certainly appellants should congratulate themselves that the point was not raised that their proof utterly failed to show that the firm of Dewees Cedar Company or the Uvalde Cedar Company had anything whatever to do with the conversion of the cedar trees. Dewees acted in his individual capacity to protect himself. He had the trees cut and removed from the land, and the conversion was complete when he did that. Under the judgment of the court as between Dewees and appellants we fail to see any practical outcome in the contention that Vanham should not have been dismissed. Keeping him in the suit would not have increased appellants' recovery. The authorities cited have no pertinency to the question sought to be raised.

[3] Dewees was liable on the notes given by the Dewees Cedar Company to R. P. Gibson for the cedar trees growing on the land, and could have been compelled to pay the debts. They were due, and appellants had left the county and abandoned the land and the cut cedars. It may be admitted that Dewees was guilty of conversion of the cedars, and the court so found; for it allowed compensation to appellants for the trees converted by him. The evidence was very indefinite as to the amount of timber converted by Dewees and as to its value. No one except Dewees could have cause, under the testimony, to complain of the amount rendered against him for the timber converted by him, and the only question that could be raised by appellants would be as to whether Dewees could offset the firm debts paid by him against the value of the converted property. No objection was urged to allegations as to payment of the Gibson debts by Dewees, and it is not contended in this court that he could not plead the payment of those debts in reconvention. The payment of the debts was intimately connected with the conversion of the timber, and, no objection being raised to the amount of the debts being offset against the amount found for conversion on the ground that a liquidated demand cannot be offset against damages arising from a tort, the judgment will not be disturbed. It is a right that may be waived. Frank Co. v. Motley Co., 37 S. W. 868; Wentworth v. King, 49 S. W. 697.

The pleadings of Dewees clearly alleged the amount of the principal, interest, and attorney's fees paid by him, and that he had paid the same, and the evidence sustained his allegations, and the court was justified in rendering judgment in his favor for the sum of $1,091.10.

The judgment is affirmed.