### MONTGOMERY v. GALLAS et al.
(No. 7060.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1923. Rehearing Denied Jan. 30, 1924.)

I. **Set-off and counterclaim** ⬦⬦54—**Failure to forestall an offset of liquidated damages against a demand for unliquidated damages held waived.**

Where, in a suit for unliquidated damages for tort, plaintiffs did nothing to forestall an offset for liquidated damages by defendant until a motion for new trial and entry of judgment allowing the set-offs, they thereby waived the protection of Rev. St. arts. 1329, 1330, and consented to adjudication of both matters in one proceeding.

2. **Pleading** ⬦⬦228—**Objection to reconvention must be by special exception or other affirmative action prior to judgment.**

If plaintiff does not intend to waive his right to invoke the rule, under Rev. St. arts. 1329, 1330, that unliquidated damages may not be offset by a demand for liquidated damages founded upon tort or breach of covenant, he must affirmatively object to the reconvention, which cannot be done by general demurrer, but must be done by special exception or some other affirmative action prior to judgment.

. 3. **Set-off and counterclaim** ⬦⬦55—**Court bound to apply whole of valid set-off towards extinguishment of judgment.**

Action of the court, after finding that the set-offs claimed by defendant were valid in the full amount, in arbitrarily deducting one-fourth of the amount of the set-offs from the amount allowed for that purpose, *held* error; the court being bound to apply the whole thereof towards the extinguishment of the judgment to be offset.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Paul Gallas and others against W. T. Montgomery. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

J. D. Dodson and Eskridge & Williams, all of San Antonio, for appellant.

Joseph Ryan, of San Antonio, G. R. Smith, of McKinney, and Don A. Bliss, of San Antonio, for appellees.

SMITH, J. Appellees, as the heirs of Paul Gallas, deceased, prosecuted this suit against appellant, W. T. Montgomery, for damages for the wrongful use by appellant of personal property belonging to Gallas. In a properly pleaded reconvention appellant sought to offset these damages with three certain judgments which he held against Gallas. The question of the amount of the damages sustained by Gallas was submitted to a jury, who found for Gallas in the sum of $4,000, which, with interest, the court found aggregated $4,778.66. The question of the existence or amount of the judgments pleaded as set-offs were not submitted to the jury, but the court, in rendering judgment, found that at the time of the trial appellant "had and owned valid and subsisting judgments against Paul Gallas, deceased, unsatisfied, outstanding, and pleaded herein as set-offs against any judgment which might be recovered in this case, as follows," describing the judgments pleaded, aggregating with interest the sum of $4,492.25. The court then further found:

"That in law and in equity the defendant herein is entitled to offset the judgments so owned and held by him against the said Paul Gallas, now deceased, and hereinabove described, as against the recovery to which plaintiffs are entitled under the verdict of the jury herein, to the extent of three-fourths thereof, to wit, to the extent of $3,584 and no more."

When this amount was deducted from the judgment in favor of appellees, $4,778.66, there remained a balance of $1,194.66, for which the court rendered judgment in favor of appellees. Appellant, Montgomery, has appealed.

[1, 2] Appellees contend by cross-assignment of error that the court erred in allowing any portion of the offsets pleaded, because they were liquidated demands; whereas, appellees' suit was upon a cause of action for unliquidated damages. It is true, as contended by appellees, that under our statutes and decisions a claim for unliquidated or uncertain damages, founded on a tort (as here) or breach of covenant, may not be offset by any debt due by the claimant (article 1329, R. S.), unless the counterclaim is founded upon a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action (article 1330). Duncan v. Magette, 25 Tex. 245; Avent v. Ormand (Tex. Civ. App.) 173 S. W. 239, and authorities there cited.

But this statute was made for the benefit of the plaintiff, who may waive its protection and consent to the adjudication of both matters in one proceeding. If he does not intend to waive his right to invoke the rule, it is his duty to affirmatively object to the reconvention, which cannot be done by general demurrer, but must be done by special

⬦⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

exception, or some other affirmative action prior to judgment. Wentworth v. King (Tex. Civ. App.) 49 S. W. 696; Frank Co. v. Motley Co. (Tex. Civ. App.) 37 S. W. 868: Gillett v. Moody (Tex. Civ. App.) 54 S. W. 35; Christian-Holmes Cedar Co. v. Dewees Cedar Co. (Tex. Civ. App.) 221 S. W. 681; Gibson v. Singer Sewing Mach. Co. (Tex. Civ. App.) 147 S. W. 285. Here, there was no special exception directed at the reconvention, no objection was made to admission of the evidence of the debts pleaded as set-offs, and no other character of objection to the set-offs was voiced in the trial. So far as the record shows, the plaintiffs below did nothing to forestall the offset until they made their motion for new trial, after the entry of judgment allowing the set-offs. According to the authorities cited, appellees by this course waived their right to object to the set-offs and will be presumed to have consented to the joinder of the proceedings.

[3] It is contended by appellant that the court erred in refusing to allow the full amount of the set-offs pleaded and found by the court to have been established as valid, subsisting, and outstanding debts, due by the plaintiffs to the defendant below. As stated, the court, after finding that these debts were valid and subsisting in the full amount thereof, for some reason not disclosed in the record, and apparently arbitrarily and in direct conflict with his findings of fact, deducted one-fourth of the amount of the set-offs from the amount allowed for that purpose. If all the debts pleaded were valid and subsisting, as expressly found by the court, then the court was bound to apply the whole thereof towards the extinguishment of the judgment to be offset. The court was without discretion in the matter.

The judgment will be reformed so as to apply the whole of the debt found by the court to be due by Gallas to Montgomery, towards the extinguishment of the judgment rendered in favor of appellees against appellant. When this is done, there remains a balance in favor of appellees for the sum of $286.41, with interest from the date of the judgment below, and as so reformed the judgment is affirmed at the cost of appellees.

Reformed and affirmed.