## SMITH et al. v. MONTGOMERY. (No. 7098.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1924. Rehearing Denied March 26, 1924.)

**1. Appeal and error** &lbase;&dash;361(3)—**Statute providing that petition for writ of error shall state parties adversely interested held mandatory and jurisdictional.**

Rev. St. art. 2088, providing that the petition for a writ of error shall state the names and residences of the parties adversely interested is mandatory, and the failure to comply with it is jurisdictional.

**2. Appeal and error** &lbase;&dash;361(3)—**Failure of interveners to state names or addresses of parties "adversely interested" in their appeal from order disallowing intervention held fatal.**

Where, after the heirs of a decedent recovered a judgment of damages against defendant, and against which the court allowed certain offsets, a firm of attorneys intervened and sought to assert an interest in the judgment

&lbase;&dash;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused May 7, 1924.

and to resist the allowance of the offsets, the failure of interveners, in their petition for a writ of error from the order of the court striking out their claims in intervention, to state the names or addresses of heirs, such parties being "adversely interested" in the appeal, was fatal.

[Ed. Note.—For other definitions, see Words and Phrases, Adverse Interest.]

Error from District Court, Bexar County; R. B. Minor, Judge.

Suit by Paul Gallas against W. T. Montgomery, in which G. R. Smith and another intervened. The court struck out their plea of intervention, and interveners bring error. Writ dismissed.

Joseph Ryan, of San Antonio, G. R. Smith, of McKinney, and Don A. Bliss, of San Antonio, for plaintiffs in error.

Eskridge & Williams and J. D. Dodson, all of San Antonio, for defendant in error.

SMITH, J. Defendant in error has moved for dismissal of the writ of error, on the ground that some of the parties interested adversely to plaintiffs in error were not made parties to the petition for the writ, the citation in error, or the writ of error bond. If the point is well taken, the omission is jurisdictional, and the motion to dismiss must be granted. The main suit has been here on appeal before. Montgomery v. Gallas (Tex. Civ. App.) 202 S. W. 993; 225 S. W. 557.

In the court below the heirs of Paul Gallas, deceased, recovered a judgment against W. T. Montgomery, defendant in error herein, and the court offset that judgment with certain debts pleaded by Montgomery against Gallas. After the cause was tried and judgment rendered, plaintiffs in error, G. R. Smith and Don A. Bliss, without obtaining leave therefor, filed their plea of intervention, alleging that prior to the institution of the suit Gallas had employed them as attorneys to prosecute this suit against Montgomery, and assigned to them a one-third interest, plus $1,000, in the cause of action, and in any recovery Gallas might obtain thereon. When the trial court's attention was called to the plea of intervention, the court struck it out, on motion of Montgomery, and the interveners bring their complaint here by writ of error, asserting that they were entitled to one-third of the judgment rendered below in favor of the Gallas heirs, plus $1,000, and resisting the offsets urged by Montgomery. Plaintiffs in error represented Gallas and his heirs, as their attorneys, through the whole course of the litigation, and prosecuted the Gallas claims in the last trial and appeal. See No. 7060, Montgomery v. Gallas et al., decided December 20, 1923 (Tex. Civ. App.) 257 S. W. 956. The alleged assignment was made to plaintiffs in error to secure them in their attorneys' fees, and for advances.

Plaintiffs in error did not state the names or addresses of the Gallas heirs, or otherwise mention them, in the petition for writ of error. They did not include those parties in the citation, or obtain service upon them, or include or seek to protect them in the writ of error bond, and in no way have they been made parties to the proceeding in this court.

[1] It is expressly provided in article 2088, R. S., that the petition for writ of error "shall state the names and residences of the parties adversely interested," and it has been repeatedly held that this provision is mandatory, and that failure to comply with it is jurisdictional. Weems v. Watson, 91 Tex. 35, 40 S. W. 722; Pickett v. Jackson (Tex. Civ. App.) 38 S. W. 395, and authorities there cited.

[2] So the question is, Are the Gallas heirs "adversely interested" in this appeal as against Smith and Bliss? We have concluded that they are, and that, having been omitted from the petition of the latter for writ of error, this proceeding must be dismissed. As stated, the Gallas heirs sued Montgomery for damages, and recovered judgment against him for $4,778, against which amount the court allowed offsets amounting to $3,584, leaving a net judgment in favor of the Gallas heirs, against Montgomery, of $1,194. After this judgment was rendered below, Smith and Bliss sought to intervene and assert a one-third interest, plus $1,000, in the judgment of $4,778, which had been rendered in favor of the Gallas heirs, and to resist the allowance to Montgomery of any offsets against that judgment. In other words, Smith and Bliss here assert that they are entitled to $2,592, of the judgment of $4,778, rendered in favor of the Gallas heirs—that they, and not the Gallas heirs, are rightfully entitled to said $2,592. In this way the interests of the two parties are in direct and substantial conflict. It is difficult to conceive of positions or interests more distinctly adverse than these appear here to be, since each party is claiming sole and distinct ownership of the same property.

The writ of error must be dismissed.