### FIDELITY LLOYDS OF AMERICA v. SAWYER. (No. 11165.)

(Court of Civil Appeals of Texas. Fort Worth. May 9, 1925.)

Appeal and error ☞493—Judgment of county court reversed, where amount in controversy under $200, unless affirmatively appearing to be appeal from justice court.

Where it is apparent, on appeal from county court, that, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1763, court was without original jurisdiction because of insufficiency of amount in controversy, and record contains no transcript of proceedings in justice court provided for by Rev. St. art. 2396, in case of appeal from justice court authorized by Vernon's Sayles' Ann. Civ. St. 1914, art. 2391, and does not show proceedings by certiorari under articles 742–761, judgment for plaintiff will be reversed, with directions to dismiss action unless jurisdictional facts be shown.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by H. E. Sawyer against the Fidelity Lloyds of America. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Phillips, Trammell & Chizum and Evan S. McCord, all of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton, Julien C. Hyer, and H. M. Harrington, all of Fort Worth, for appellee.

CONNER, C. J. This suit was instituted by H. E. Sawyer against the Fidelity Lloyds of America, an insurance association, to recover upon a policy of insurance indemnifying plaintiff against loss by theft, robbery, or pilferage to the extent of $200. The policy was issued on the 7th day of June, 1922, and covered a secondhand automobile truck which, it was alleged, was stolen on the 9th day of June, 1922. As alleged, the policy contained a clause making the loss or damage payable to the Cleaves-Rhea Mortgage Company as its interest might appear, but its interest was assigned to plaintiff.

The appeal to this court is from a judgment of the county court of Tarrant county for civil cases. The judgment is in the sum of $175 in favor of the original plaintiff, H. E. Sawyer, from which judgment the insurance company has prosecuted a writ of error, and the case is now before us for disposition. It is clear that the county court was without original jurisdiction of the amount in controversy; that court's original jurisdiction being limited to cases where the matter in controversy shall exceed in value $200, See article 1763, V. S. Stats. Said courts, however, are authorized to entertain appeals from justice courts where the judgment or amount in controversy shall exceed $20, exclusive of costs. See article 2391, V. S. Stats. And we find in plaintiff in error's brief that it is stated that the suit "was originally brought in the justice court of Tarrant county by the defendant in error, H. E. Sawyer, against the plaintiff in error, Fidelity Lloyds of America, said justice court suit having been subsequently appealed to the county court of Tarrant county for civil cases; this petition for writ of error being prosecuted in the latter court."

In the reply brief it is likewise so stated in substance. But upon an examination of the record we fail to find the proper evidence of an appeal from the justice court. By article 2396, Rev. Statutes, whenever an appeal has been granted from the justice's court to the county court, it is made the duty of the justice of the peace who made the order to immediately "make out a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county."

Causes in which judgments have been rendered in a justice court, and of which county courts have appellate jurisdiction, may also be removed therefrom to the county court by writs of certiorari, as provided in chapter 2, tit. 21, V. S. Statutes. In the record before us we fail to find either a transcript of the proceedings from the justice court, as provided for cases on appeal, or proceedings by writ of certiorari, as provided in the chapter last referred to. On the face of the record, therefore, the court from which this appeal has been prosecuted is without jurisdiction, either original or appellate. On appeal to this court the record should affirmatively show jurisdiction on the part of the court from which the appeal has been taken.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

See McCarthey v. North Texas Loan Co. (Tex. Civ. App.) 101 S. W. 267, and cases therein cited. In the case cited, however, the appeal was dismissed, but this court concluded, in the case of Perry v. Greer, 223 S. W. 714, that the proper practice in such cases was to reverse the judgment, with direction to the county court to dismiss the case from its docket unless its jurisdictional facts be shown, and the ruling so made was later approved by our Supreme Court. See Perry v. Greer, 110 Tex. 549, 221 S. W. 931; amended rule 22 for the Courts of Civil Appeals; H. & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S. W. 369.

We conclude that the judgment herein should be reversed, and the cause remanded to the county court, with direction to that court to dismiss the case from its docket unless its jurisdictional facts be legally shown.