# THOMPSON v. GLOVER JOHNS AUTO CO.
## (No. 7638.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1926. Rehearing Denied Jan. 5, 1927.)

Judgment ⚫145(2)—That defendant's counsel inadvertently neglected to answer was not ground for setting aside default; no defense being shown.

That defendant had employed counsel to represent him who did not file answer because of confusion in cases was not ground for granting new trial after judgment by default, where it was not shown that defendant had any defense to note sued on.

Appeal from Nueces County Court; Jesse Wright, Judge.

Action by the Glover Johns Auto Company against John C. Thompson. From a judgment by default for plaintiff, defendant appeals. Affirmed.

Kleberg & North and E. B. Ward, all of Corpus Christi, for appellant.

John S. McCampbell, of Corpus Christi, for appellee.

FLY, C. J. This is an appeal from a judgment by default on a promissory note for $375, executed by appellant to D. L. Saddler; it being alleged in the petition that after the instrument was executed "and in due course of trade, for a valuable consideration and before maturity, such D. L. Saddler transferred and assigned said note to this plaintiff, who is now the legal and equitable holder and owner of same." Appellant was duly cited to appear, but filed no answer and made no appearance, and judgment by default was rendered against him for the principal, interest, and attorney's fees evidenced by the note.

The judgment was rendered on January 19, 1926, and on Feburary 2, 1926, a motion for new trial was filed which was denied by the court. In the motion for new trial it was stated that appellant had employed counsel to represent him who did not file an answer and who was present in court when the case was called and heard the judgment rendered, but said nothing because he had confused this case with another of "practically the same style." Who the attorney was is not stated in the motion, and no attorney testified that the facts stated about his want of diligence were true. Confusion of cases or not it was the duty of the attorney, if one was employed, to have filed an answer in the proper case. No facts are stated in the motion for new trial indicating that appellant had any defense whatever to the note. Under the allegations of the motion it would have been a useless proceeding to grant a new trial.

---

The allegations show that appellee was a purchaser in good faith, for a valuable consideration, and before maturity of the promissory note. Nothing was set out in the motion that would serve as a defense even though the note had been transferred after maturity. Appellant claims to have filed the motion for new trial on January 21, 1926, within two days after the judgment was rendered, but the record does not bear out that contention. The record shows that, for some reason not disclosed, an original answer was filed by appellant on January 21, but the motion for new trial was filed on February 2, 1926, on the same day that the certificate of a notary public shows that it was sworn to by appellant. No attack was made upon the service on appellant in the motion for new trial; in fact there is in effect an admission that appellant had been duly cited and had employed an attorney to represent him.

There is no merit in the appeal, and the judgment is affirmed.

### On Motion for Rehearing.

This court was misled by the date of the affidavit to the motion for new trial, which was on February 2, 1926, while the motion was filed on January 21, 1926. The motion for new trial was filed, as claimed by appellant, on January 21, 1926, and was verified by affidavit on February 2, thereafter, and the original opinion is amended so as to express these facts.

It was not intended to reflect on any one by stating the fact that the motion for new trial did not give the name of the attorney who permitted, without remonstrance, a judgment by default to be taken against his client. This court might have charged the attorney who signed the motion with the failure to interpose and prevent the default judgment, but did not deem it necessary to do so, and sees no use in surmising about it now.

The motion for rehearing is overruled.