## NATIONAL STOCK YARDS NAT. BANK v. VALENTINE et al.

### No. 3563.

Court of Civil Appeals of Texas. Amarillo.
May 27, 1931.

Carl Gilliland, of Hereford, and Bryan Stone, Wade & Agerton, of Fort Worth, for plaintiff in error.

W. H. Russell, of Hereford, for defendants in error.

JACKSON, J.

The plaintiff, the National Stock Yards National Bank, a banking corporation, instituted this suit in the district court of Deaf Smith county, Tex., on October 10, 1929, against the defendants W. I. Valentine and J. R. Mosley. The plaintiff alleged that on July 6, 1928, it recovered a judgment in the district court of Tarrant county, Tex., against W. I. Valentine and Henry Wilkinson for the sum of $74,617.92, with interest, etc. That on October 5, 1929, the plaintiff caused an abstract of such judgment to be filed, recorded, and indexed in the judgment records of Deaf Smith county, Tex. That W. I. Valentine purchased certain lands, fully described in 'the petition, and took title thereto in the name of the defendant J. R. Mosley, and that said land, or some interest therein, belonged to the defendant W. I. Valentine.

The plaintiff sought a judgment against the defendant Valentine and to establish and foreclose its judgment lien against the land as to both defendants; that the interest of

Valentine in the land be sold under execution and the proceeds thereof applied to the satisfaction of the plaintiff's judgment.

The defendants answered by general demurrer and general denial.

The defendant J. R. Mosley specifically denied that W. I. Valentine ever purchased the land or had any interest therein, and alleged that the land was purchased by and the fee-simple title thereto vested in J. R. Mosley. That by reason of the institution of plaintiff's suit and the filing of a lis pendens notice in Deaf Smith county, Tex., a cloud had been placed upon the title of the defendant Mosley and he was unable to dispose of said land; that the defendant Mosley purchased said land for the purpose of sale at a profit; that he paid approximately $15 per acre and thereafter contracted to sell said land for the sum of $22.50 per acre; that he could and would sell said land for said profit, but for the fact that he cannot deliver title on account of plaintiff's suit and the lis pendens notice filed by the plaintiff; that defendant is damaged in the sum of $7,200. That he had notified the plaintiff that he had purchased the land for sale and profit.

The defendant J. R. Mosley sought judgment against plaintiff in his cross-action for his damages and for interest and costs of suit.

On March 12, 1930, the court entered judgment to the effect that the cause was regularly reached and called for trial. That the defendants appeared in person and by attorney, but the plaintiff came not and made no further presentation or prosecution of its cause of action; that plaintiff's cause of action be dismissed. That the defendant J. R. Mosley announced ready for trial upon his cross-action, and it appeared to the court that said cross-action had been filed in due time and that plaintiff had due notice thereof and had made its appearance in court since the filing of the cross-action; that a jury was waived and all matters of law as well as of fact submitted to the court, and after hearing the evidence and the pleading, the court rendered judgment in behalf of the defendant J. R. Mosley and against the plaintiff for the sum of $6,960 on his cross-action, with 6 per cent. interest per annum thereon and for all costs of suit, from which judgment the plaintiff, hereinafter called appellant, by writ of error prosecutes this appeal.

The appellant presents as error the action of the trial court in rendering judgment against it because it made no appearance on the cross-action filed by appellee, no citation or notice was issued or served upon it of the filing of the cross-action, and no waiver thereof was made by appellant.

The record fails to show that appellant made any appearance on the cross-action;

that it was cited to answer such cross-action, waived such service, or had any notice thereof; but it affirmatively appears that no citation was issued on the cross-action, no answer filed thereto, no appearance made, and no waiver of the issuance and service of citation by the appellant on the cross-action filed by appellee, though the judgment recites that plaintiff had due notice of the cross-action and made its appearance in court since the filing of said cross-action.

The appellee obtained his judgment by default.

"On an appeal from a default judgment, the record must show an appearance by the defendant or due service of citation, independent of the recitals in the judgment, especially when any such recitals are shown by the other parts of the record to be false." 3 Tex. Jur. p. 407.

"The law seems to be well settled that, on appeal from a judgment by default prosecuted in the suit in which the same was rendered, the judgment will be reversed for fundamental error, unless the record contains a citation showing due service thereof, even though the judgment contains a recital that defendant was duly served with citation." De Proy v. Progakis (Tex. Com. App.) 269 S. W. 78, 79.

The law is settled in this state that a cross-action is an independent suit brought by the defendant against the plaintiff, and it is essential that plaintiff answer the cross-action, make his appearance, or have citation thereof served upon him in order to authorize the court to render judgment against him on the cross-action. Scarborough v. Bradley (Tex. Civ. App.) 256 S. W. 349; Southern Equipment Co. v. Hallman Elec. Co. et al. (Tex. Civ. App.) 10 S.W.(2d) 261.

This assignment is sustained.

Appellant, by proper assignments, contends that the pleading of appellee on his cross-action was insufficient to authorize a judgment. This contention we think is correct. Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564, 565. "The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits, with malice and without probable cause, unless the party sued suffers some interference, by reason of the suits, with his person or property." Pye v. Cardwell, 110 Tex. 572, 222 S. W. 153. See, also, Panhandle Lumber Co. v. Fairey (Tex. Civ. App.) 3 S.W.(2d) 941.

We are not to be understood as holding that the appellee cannot allege such facts as would authorize him to recover on his cross-action.

In Trawick v. Martin-Brown Co., supra, the Supreme Court says: "However, we do not wish to be understood as holding that in no case can a levy of an attachment upon

real estate cause damages recoverable in law. An advantageous bargain already agreed upon might be defeated by the wrongful levy of an attachment, and direct loss might result to the owner from subsequent depreciation in the value of the property. We are not prepared to hold that in such a case the loss might not be recovered."

Inasmuch as the other assignments presented by appellant will in all probability not arise on another trial, it is unnecessary to discuss them.

The judgment is reversed, and the cause remanded.