**BRIGGS et al. v. LADD.**

No. 9139.

Court of Civil Appeals of Texas. San Antonio.

Oct. 11, 1933.

Rehearing Denied Nov. 15, 1933.

Seabury, George & Taylor and C. K. Richards, all of Brownsville, and Osce Fristoe, of Harlingen, for appellants.

Carter & Stiernberg and Adams & Glass, all of Harlingen, for appellee.

MURRAY, Justice.

Chas. F. C. Ladd, appellee herein, secured a default judgment on October 31, 1932, against W. A. Briggs and the other appellants herein, dismissing appellants' petition for a "Bill of Discovery," and on appellee's cross-action declaring a judgment theretofore rendered against Ladd in favor of Coleman and Briggs, canceled, set aside, and of no further force and effect. On November 3, 1932, appellants filed a motion to set this default judgment aside and to grant them a new trial, which motion was, on November 5, 1932, overruled. Briggs and the other plaintiffs below have perfected this appeal.

The original proceedings were instituted on October 15, 1931, by appellants in the nature of an application for a "Bill of Discovery." On February 10, 1932, appellee, Ladd, filed his answer and cross-action. Appellants were immediately notified of the filing of this answer and cross-action and furnished with a copy of it. At the call of the court's docket, on February 16, 1932, April 19, 1932, and July 19, 1932, appellants appeared and requested on each occasion that the cause, including the cross-action, be passed so as to give them time for the taking of depositions to be used in defending against the cross-action. At the call of the docket on September 20, 1932, some of the attorneys for appellants being present, the cause was set for trial October 31, 1932. On October 31, 1932, the case was called for trial and no one answered for appellants. It was called to the attention of the court that Fred Wagner, an attorney in the office of Seabury, George & Taylor, was present in the courtroom. The attorney for appellee asked Wagner what he wanted to do about the case and Wagner replied he had never heard of the case. Whereupon the court heard evidence, dismissed appellants' "Bill of Discovery," and gave appellee judgment canceling and holding for naught the judgment which appellants were trying to collect.

Appellants were represented by Osce Fristoe, C. K. Richards, and the law firm of Seabury, George & Taylor. Osce Fristoe's excuse for not being present at the time of the trial was that he had made a memorandum showing the case set for November 7, instead of October 31, and had been misled thereby. C. K. Richards had not been notified of the setting, but his only connection with the case was to assist in preparing the bill of discovery. V. W. Taylor, of the law firm of Seabury, George & Taylor, was looking after the case, as far as his firm was concerned, and had seen their office docket showing the case set for October 31, 1932, but had an agree-

ment with Fristoe that he, Fristoe, should look after the case and he presumed that Fristoe was doing so, and did not appear at the trial for this reason. Fred Wagner simply knew nothing about the case.

It is the duty of attorneys to be present when their cases are called for trial and where they fail to appear, before they will be entitled to set aside a default judgment, they must show that their failure to appear was not the result of their own negligence, or that of the parties they represent.

In this case the trial court refused to set aside the default judgment and he did not, under the facts as above stated, abuse his discretion. Davis v. Cox (Tex. Civ. App.) 4 S. W.(2d) 1008; St. Paul Fire & Marine Ins. Co. v. Earnest (Tex. Civ. App.) 293 S. W. 677; Flanagan v. Holbrook (Tex. Civ. App.) 60 S. W. 321; Schultz v. Burk (Tex. Civ. App.) 227 S. W. 700, 701; Homuth v. Williams (Tex. Civ. App.) 42 S.W.(2d) 1048.

Appellants contend that regardless of their failure to appear they had not been served with process in the cross-action and therefore no judgment could be rendered against them on the cross-action. We do not agree with this contention. They had actual knowledge of its filing, they appeared in open court on three different occasions and asked that they be given time to prepare their defense to this cross-action. Appellants are not in a position to complain of the fact that they had not been served with a citation on the cross-action. Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 584; Degetau v. Mayer (Tex. Civ. App.) 145 S. W. 1054; Evans v. McNeill (Tex. Civ. App.) 41 S.W.(2d) 268.

Appellants also contend that a cross-action is improper where appellants' cause of action was an application for a "Bill of Discovery." We see nothing improper in the filing of this cross-action. If Ladd did not in fact owe appellants anything, there would be no occasion for him to disclose his assets. Furthermore, no objection or exception was urged to the cross-action in the court below, but, on the other hand, appellants appeared in open court and asked for time to prepare their defense to it by the taking of depositions. Article 2017, R. S.; Christian-Holmes Cedar Co. v. Dewees Cedar Co. (Tex. Civ. App.) 221 S. W. 681; Gibson v. Singer Sewing Machine Co. (Tex. Civ. App.) 147 S. W. 285; Crocker v. Mann (Tex. Civ. App.) 147 S. W. 311; Montgomery v. Gallas (Tex. Civ. App.) 257 S. W. 956; Gillett v. Moody (Tex. Civ. App.) 54 S. W. 35; 34 Cyc. pp. 646, 647; also page 633; 15 C. J. p. 1426.

Appellants set forth in their motion to set aside this default judgment that they had a meritorious defense in that the judgment rendered in the United States District Court of the District of Columbia, Equity No. 44359, on which Ladd relied to show that he was no longer liable under the judgment held by appellants, provided expressly as follows: "It is understood that the settlement here made does not affect any claim of defendants against Chas. F. C. Ladd or the judgment held by them." The motion was sworn to and ordinarily this would be considered sufficient to establish the fact of a meritorious defense. However, appellee denied all allegations contained in the motion and appellants undertook to establish by evidence the issues thus joined. Appellants produced what they asserted was a copy of the judgment in the cause tried in the United States District Court of the District of Columbia and this copy proved conclusively that the judgment attempted to prove a fact which they had alleged that it did contain. Appellants then attempted to prove a face which they had not alleged, that there was a settlement agreement executed by the parties on the same date of the District of Columbia judgment, which did contain the stipulation which they had alleged to be in the judgment. The testimony offered on this point was inadmissible in that it was hearsay and a purported copy of the agreement, not identified as being a true copy of the original agreement. Thus appellants conclusively established by evidence that they did not have the only meritorious defense they had asserted in their motion. Having failed to show the meritorious defense alleged by them, appellants were not entitled to have the default judgment set aside.

Where a trial court has refused to set aside a default judgment, an appellate court will not disturb such action in the absence of a showing that the trial court has abused his discretion. Homuth v. Williams (Tex. Civ. App.) 42 S.W.(2d) 1048; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; 25 Tex. Jur. p. 569, § 173, and pp. 579, 580; Peters v. Hubb Diggs Co. (Tex. Civ. App.) 35 S.W.(2d) 449; Thompson v. Glover Johns Auto Co. (Tex. Civ. App.) 289 S. W. 124; Thomas v. Goldberg (Tex. Civ. App.) 283 S. W. 230; Cragin v. Henderson, etc. (Tex. Com. App.) 280 S. W. 554; Peters v. Brandt Upholstering Co. (Tex. Civ. App.) 50 S.W.(2d) 409; Paggi v. Rose Mfg. Co. (Tex. Civ. App.) 285 S. W. 852.

The judgment of the trial court is affirmed.