## RACUGNO v. HANOVIA CHEMICAL & MFG. CO.

### No. 13612.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 29, 1937.

Imogene Munoz and Louis R. Munoz, both of Dallas, for appellant.

C. M. Whitehurst, of Dallas, for appellee.

BROWN, Justice.

Appellee brought suit in the justice of the peace court, precinct No. 1, Dallas county, for title to and possession of a certain infra-red lamp which had been sold by appellee to one of appellant's former tenants and had not been paid for in full. The tenant had left the premises and left the said lamp therein. It also sued for the reasonable value of the rental of same. The total amount involved in the justice's court was $95.

The transcript of the proceedings in the justice's court does not disclose that appellant filed any cross-action in such court, but on appeal by appellant from the judgment rendered in said justice's court, he, for the first time, sought to recover from appellee $170, alleging that such sum represents the reasonable value of the use of the lamp during the time appellee deprived him of the possession of same by its wrongful writ of sequestration.

The case was tried to the court, and judgment was rendered for appellee against appellant for the title to and. possession of the lamp in controversy, and that appellant take nothing against appellee on his cross-action.

Exception to the judgment and notice of appeal to the Dallas Court of Civil Appeals was duly made by appellant, and his affidavit, made in lieu of a cost bond on appeal, was duly filed within 19 days after judgment was rendered.

Appellant filed a motion for a new trial several days after he had perfected his ap-

peal by filing his affidavit in forma pauperis, and it was overruled on June 26, 1936, the day on which it was filed. No notice of appeal was given to such action of the trial court.

The cause has been transferred to this court by the Supreme Court from the Dallas Court of Civil Appeals.

Appellant had the right to abandon his motion for a new trial, and could appeal, as he·did, directly from the judgment.

Hence, there is no merit in appellee's motion to dismiss the appeal.

The fact that the record discloses that appellant did not file and urge his cross-action in the justice of the peace court leads us to observe that the amount in controversy was only $95, and that we are without jurisdiction to entertain this appeal.

■ The county court should not have entered judgment expressly finding against appellant on his cross-action, but should have dismissed the same without prejudice. Article 958, Revised Civil Statutes.

If the mere fact that appellee did not invoke the provisions of the article, cited supra, and that this results in a waiver of such right, as is held in Wentworth v. King (Tex.Civ.App.) 49 S.W. 696, and in Crocker v. Mann (Tex.Civ.App.) 147 S.W. 311, and that because of such waiver we must take jurisdiction, because of the amount sued for in the counterclaim, then there is the further insurmountable obstacle to appellant's recovery on the counterclaim, viz.: It being admitted that the lamp belonged to appellant's former tenant, and the only claim appellant could have upon it being the right to subject it to his claim for rents unpaid, it is apparent that appellant could not rightfully bring suit against appellee for the reasonable value of the use of the lamp during the time he was deprived of its possession by appellee through the office of the writ of sequestration sued out.

We do not believe that the rulings made in the Wentworth v. King and Crocker v. Mann Cases, cited supra, are sound as applied to the case at bar.

■ The county court may take jurisdiction of a cause of action brought in a justice of the peace court, on appeal to the county court, where the "judgment, or the amount in controversy, shall exceed twenty dollars exclusive of costs." Article 2454, Revised Civil Statutes, and article 1952, Revised Civil Statutes.

It is self-evident that an original suit for an amount less than that which exceeds "in value two hundred dollars" cannot be brought in the county court. Such court only acquires jurisdiction of cases involving such amounts by appeal from judgments rendered in cases which arise in justice of the peace courts. Article 1949, Revised Civil Statutes.

Article 2385, Revised Civil Statutes, vests in justice of the peace courts original jurisdiction in civil matters in all cases where the amount in controversy is $200, or less.

Appellant's cross-action is an independent suit in which he is the plaintiff, and it was brought to recover the sum of $170 against appellee. He could not have brought such a cause of action against appellee originally in the county court and, had he done so, jurisdiction could not have been conferred upon the county court either by waiver or consent.

It is easy to see that, after an appeal has been taken to the county court from a judgment rendered in a justice of the peace court, the defendant may plead a cross-action in an amount within the jurisdiction of the county court, and, no objection being made thereto, the plaintiff will be held to have waived his right to object to same. But such a trial is tantamount to a consolidation of two cases pending in the county court; one on appeal from the inferior court, and the other a suit of original jurisdiction.

We decline to follow Crocker v. Mann (Tex.Civ.App.) 147 S.W. 311, because it holds in effect that a county court may entertain original jurisdiction of a cause of action of which the justice of the peace court has exclusive, original jurisdiction, by waiver, or consent of the parties litigant.

■ Appellant assigns as error the refusal of the trial court to entertain and sustain his plea in abatement, which was urged on the theory that appellee is a foreign corporation, doing business in Texas without having procured the permit required by law.

There is nothing in this contention, as the record discloses that it was doing an interstate business, and the sale of the lamp was an interstate transaction.

■ Even if appellant had interpleaded his tenant and had asked for judgment against the tenant for the unpaid rents,

and had prayed for a foreclosure of his landlord's lien as against the tenant and against appellee, he could not recover, because the lamp was a tool used by appellant's tenant in his profession, and no lien asserted by the landlord could be superior to the chattel mortgage lien held by appellee, where no express lien appears to have been given the landlord by the tenant. None such was given in this case. McNabb v. Terminal Bldg. Corporation (Tex. Civ.App.) 93 S.W.(2d) 189.

■ If we have jurisdiction of this suit, we would be compelled to affirm the judgment of the trial court; but believing that we do not have jurisdiction, for the reasons given, the appeal is dismissed.