**WATKINS v. COSSABOOM.**

No. 11897.

Court of Civil Appeals of Texas. Galveston.

June 26, 1947.

Rehearing Denied July 24, 1947.

Knipp & Poston and Rex Poston, all of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, of Houston (James C. Watson, of Houston, of counsel), for appellee.

GRAVES, Justice.

This cause arose out of a collision between an automobile owned and operated by the appellant, and an ambulance owned by appellee and driven by his employee. Appellant brought the suit in the County Court at Law for Harris County, Texas, against appellee, for damage to his car in the amount of $274; appellee, in answering, set up a general denial, and an allegation that the accident had been caused solely by the negligence of appellant, pleading further a cross-action over against appellant, in turn, for damage to his ambulance, in the amount of $160.70.

The appellant, who, as indicated, was the plaintiff and cross-defendant below, challenges the trial court's action upon this single point of error:

"The trial court committed fundamental error in overruling the appellant's plea in abatement to dismiss the appellee's cross-action, because the cross-action was an independent and separate cause of action for the sum of $160.70, for which the appellee prayed judgment as against the appellant, and was within the exclusive jurisdiction of the Justice of the Peace Court. The County Court had only appellate jurisdiction to render judgment for $160.70, and the record affirmatively shows the cross-action was filed originally in the County Court at Law, and not on appeal. Neither the County Court at Law, the District Court, nor this Court of Civil Appeals has jurisdiction, except to set the judgment aside, and dismiss the appellee's cross-action, without prejudice."

This contention is overruled, as being without support, either in our statutory law, as now existing, or in any adjudicated cases by our Texas courts, cited in support thereof by appellant, the leading authorities listed by him being these:

Constitution of the State of Texas, Article V, Sec. 16, Vernon's Ann.St.; Article 1949, Vernon's Ann.Civ.Statutes (exclusive original jurisdiction of County Court); Article 2385, Vernon's Ann.Civ. Statutes (exclusive original jurisdiction of Justice of the Peace Court); Article 1952, Vernon's Ann.Civ.Statutes (appellate ju-

risdiction of County Court at Law); Franki's, Vernon's Rules of Civil Procedure, Annotated, page 147, Rule 97, Section (e); R. O. Kipp Co. et al. v. Anglin, Tex.Civ.App., 270 S.W. 893, no writ; Hull v. First Guaranty State Bank, Tex. Civ.App., 199 S.W. 1148, no writ; National Stock Yards National Bank v. Valentine, Tex.Civ.App., 39 S.W.2d 907, no writ; Fidelity Lloyds of America v. Sawyer, Tex.Civ.App., 274 S.W. 666, (writ dismissed;) Racugno v. Hanovia Chemical & Mfg. Co., Tex.Civ.App., 110 S.W. 2d 249, no writ; Moritz v. Byerly, Tex. Civ.App., 185 S.W.2d 589, writ refused.

Only a brief and unargumentative opinion will herein be rendered, for the reason that this court holds that the precise question, so ably urged here, has, under our procedural system, been, with one voice, determined adversely upon the legal equivalent of the same state of facts. Such contra authorities being these: Booth v. Chadwick, Tex.Civ.App., 154 S.W.2d 268; City of Dallas v. Rutledge, Tex.Civ.App., 258 S. W. 534; Collins v. Kelsey, Tex.Civ.App., 97 S.W.122; Commercial Inv.Trust v. Smart, Tex.Civ.App., 69 S.W.2d 805; Fidelity Lloyds of America v. Sawyer, Tex. Civ.App., 274 S.W. 666; Heidemann v. Martinez, Tex.Civ.App., 173 S.W. 1116; Hull v. First Guaranty State Bank, Tex. Civ.App., 199 S.W. 1148; Jones v. St. Paul, etc., 5 Cir., 108 F.2d 123; Moritz v. Byerly, Tex.Civ.App., 185 S.W.2d 589; Nalle v. Harrell, 118 Tex. 149, 12 S.W.2d 550; National Stock Yards Nat. Bank v. Valentine, Tex.Civ.App., 39 S.W.2d 907; Racugno v. Hanovia, Chemical & Mfg. Co., Tex.Civ. App., 110 S.W.2d 249; R. O. Kipp Co. v. Anglin, Tex.Civ.App., 270 S.W. 893; Texas Jurisprudence, Vol. 11, p. 757, sec. 37; Texas Revised Statutes of 1925, Articles 1949, 1952, 2006, 2015, and 2017; Texas Rules of Civil Procedure, Rule 97.

The subject matter of the suit was a collision between the respective automobiles of the parties, in which, by stipulation, the appellant's car was damaged to the extent of $274, for which he so sued the appellee in the County Court at Law; whereas, the appellee's car, in turn, suffered a damage of $160.70, for which he so cross-acted against the appellant; in great detail the trial court submitted the negligence issues between them to a jury, all of which were found "against the plaintiff appellant Watkins, cross-defendant below, and in favor of defendant Crossaboom, cross-plaintiff below, upon his stated cross-action."

In these unequivocal and undisputed circumstances, it is the conclusion of this court that, since the counter-claim involved grew directly out of the collision, which was the sole subject matter of the suit, that the cause was ruled by this statement of the law in 11 Texas Jurisprudence, page 757, par. 37, supra, to-wit:

"37 Counterclaim Below Jurisdictional Amount. When there exists jurisdiction of the amount for which suit is brought, the court has power to render a judgment on the defendant's cross-action, counter-claim or offset, growing out of matters connected with the subject-matter of the suit, although the claim is for a sum less than that which ordinarily governs the jurisdiction of the court."

Further, that declaration of the law, in turn, seems to be directly supported by all the authorities, cited above from the appellee's brief herein.

Since the $160.70 claim of the appellee in the trial court was for less than the $200 that ordinarily governs the jurisdiction of that court, it also seems clear that such reduced amount would plainly come under Section (b), of cited Rule 97, Rules of Civil Procedure, as a "permissive counter-claim", to-wit:

"(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party, whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

Indeed, that rule, which superseded both old R.S.Articles 2015 and 2017 by its repeal thereof, seems to have been directly intended to preserve, in the form so quoted from Section 37 of 11 Texas Jurisprudence, the last sentence in former R.S.Article 2017, which ran as follows:

"However, the defendant may plead in set off any counterclaim founded on a cause

of action arising out of or incident to, or connected with, the plaintiff's cause of action."

Wherefore, it would seem that, while this appellee could not ordinarily and independently have primarily filed his suit for such $160.70 damage in the county court at law, he could do so as such a permissive counter-claim, after that court had so first acquired original jurisdiction of all matters growing out of that automobile collision as the sole subject matter of the litigation.

The holding herein made seems to this court to directly parallel those of our other appellate courts in the cited Moritz, Nalle, City of Dallas, and other cases, and that none of those so relied upon by the appellant either run counter thereto, or sustain his contention. In other words, the question seems to have been authoritatively so foreclosed against him.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.