### TEXAS STANDARD LIFE INS. CO. v. MITCHELL.

#### No. 2507.

Court of Civil Appeals of Texas. Beaumont. Feb. 23, 1934.

Rehearing Denied Feb. 28, 1934.

A. D. Dyess, of Houston, for appellant.

B. A. Hamilton and Geo. P. Kirkpatrick, both of Jasper, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted by appellant, Texas Standard Life Insurance Company, from the following judgment of the district court of Jasper county, rendered against it in favor of appellee, Mrs. Annie Mitchell:

"On this the 17th day of April, A. D. 1933, at a regular term of this Court, came on to be heard the above entitled and numbered cause, wherein Annie Mitchell is plaintiff and Texas Standard Life Insurance Company is Defendant, and the Plaintiff appeared in person and by attorneys and the Defendant though duly cited to appear and answer herein failed to appear in person or by attorney, although having on the 20th day of March, 1933, filed an Answer and the attorney for defendant, having been notified, as requested, of the setting of said case by the District Clerk of said Court on March 29th, 1933, that said cause had been set for trial for April 17, 1933, and jury having been waived by the plaintiff and no demand having been made by the defendant for a jury; whereupon, the Court having heard the pleadings and evidence introduced in evidence as well as argument of counsel, it is the opinion of the court that the plaintiff should recover as plead in her petition.

"It is therefore ordered, adjudged and decreed by the Court that the plaintiff, Mrs. Annie Mitchell, recover of and from the defendant, Texas Standard Life Insurance Co., the sum of $1,017.50, together with interest thereon from the 20th day of September, 1932, at the rate of 6% per annum until paid and for costs of suit and that Plaintiff have her execution or executions as may be necessary for the enforcement of this judgment."

Appellee's petition was sufficient in all respects to support the judgment. Appellant's answer consisted of a general demurrer, general denial, and the following special plea: "And by way of special answer, said defendant says that at the time of the death of the alleged assured, A. J. Mitchell, the policy sued upon herein was not in force and effect, but had totally lapsed because of the non-payment of dues and assessments thereon, of which the said A. J. Mitchell had notice, and that after the death of the said A. J. Mitchell, with his said insurance policy in default and canceled because of the failure to pay the insurance premiums due and assessments thereon, the assured, plaintiff herein, fraudulently attempted to make payment on said policy, which payment was wholly past due and in arrears, and under the terms of said policy, said policy had lapsed and was of no further force and effect, and the defendant refused said payment."

The case was set for trial on April 17, 1933, in response to the following letter written by appellant's attorney to the district clerk of Jasper county:

"I represent the defendant Texas Standard Life Insurance Company in the above entitled and numbered cause, and have prepared and herewith hand you original answer of said defendant, which I will thank you to file in said cause No. 3145.

"I note from the citation that the next term of your court convenes on the 27th day of March, and I would thank you to advise me how long your court is in session and when, in all probability, this case will be reached for trial. I inquire as to the probable setting of this case because I have two out of county cases specially set for April, the first being the case of Hufstutler et al. v. Greyburg Oil Company, in the District Court of Bexar county at San Antonio, which is set for Monday April 3rd. This case will perhaps require the entire week for its trial. On Monday April 10th, at Longview, Gregg county, Texas, I have set for trial the case of J. G. Hamilton et al. v. Empire Gas and Fuel Company, involving the title to 386 acres of producing oil land. This case is specially set by Judge Reuben Hall, who is returning to Longview for two weeks at that time for the trial of this case. The case may be disposed of within the week for which it is set, and I am rather of the opinion that it will not require more than one week to try same.

"I would, therefore, very much like to have this case set for trial for some date after I have concluded the trial of the Hamilton-Empire Gas & Fuel Company case at Longview, and to that end will thank you to lay this letter before the District Judge, and to notify me of the date for which he may set this case for trial.

"Thanking you, I am,

"Yours very truly,

"A. D. Dyess."

On the morning of the 17th of April, Judge Dyess was busily engaged in the trial of the case at Longview referred to in his letter, and forgot the setting of this case at Jasper; and, though the development of the trial of the Longview case during the week preceding April 17th was sufficient to visit him with notice that he would not be able to attend the Jasper court, he failed to notify appellee or her counsel or any member of the court that he would not be able to be present at Jasper. The Longview case was of such tremendous importance that it is reasonable to conclude that the judge trying that case would not have excused Judge Dyess from attendance so as to permit him to be present when the Jasper case was called for trial. Judge Dyess was employed by appellant to try this case because of the confidence it had in his ability and experience. Judge Dyess had prepared this case for trial, and no one in his office was prepared to try it; in fact, no other attorney in his office knew anything about it. When the case was called for trial, no one appeared for appellant, whereupon appellee announced ready and the case proceeded to trial in all respects as recited in the judgment. Appellee introduced proof in support of the allegations of her petition to the same extent as if appellant had been represented by counsel, anticipating appellant's special answer that the policy had lapsed prior to the death of the insured. Her testimony was to the effect that the insured paid every assessment made upon the policy prior to his death of which he had notice.

The only proof offered by appellant on motion for new trial to sustain its defense that the policy had lapsed was the following statement by Judge Dyess:

"I am an attorney. I reside at Houston, Texas, where I have been engaged in the practice of law since 1917. During the last year to two years I have, in different matters as they arose, represented the defendant Texas Standard Life Insurance Company, not on any regular retainer but fees being paid to me in such cases as I was employed to represent that company.

"Some time shortly after the 16th of March, 1933, Mr. M. C. Driscoll brought to my office, in the afternoon, a citation that had been served upon the Texas Standard Life Insurance Co., in this case, and went over the facts in the case with me, explaining that the policy issued upon the life of the assured had lapsed because of the failure to pay an assessment due thereon—

"Mr. Hamilton: We object to what Mr. Driscoll told him relative to the policy having lapsed.

"The Court: The objection is overruled.

"Hamilton: We except.

"A. (contd.)—and that he had talked with one of the plaintiff's attorneys, I believe to Mr. Kirkpatrick, and that the attorney had contended that since one payment had been made in the past by the assured on this policy after the date when the policy should be paid, that it had formed a course of action between the insurance company and the assured, and extended the right to the assured to pay premiums on the policy after those premiums became due and payable. Furthermore, it was claimed that the assured had not received notice of this assessment, but he said evidently they had received the notice, because they did receive—at the same address—a second notice; and admitted receiving the second notice. That after the assured had died they attempted to make payment on this policy, but this agent or representative here had refused to accept the payment. He said that heretofore, in cases of this kind, he had employed local counsel, but in this matter he wanted me to personally handle the matter and asked me if I would, and we agreed upon a fee I was to receive, and I told him I would file answer, ask for a setting of the case and attend to the matter fully for him."

This statement is based upon the statement of facts, approved by the court, of "testimony to set aside judgment." Appellant prepared and presented exceptions to this statement of facts which, upon hearing, the trial court overruled.

### Opinion.

Appellant bases its appeal upon several assignments of error which we think are satisfactorily answered by the following conclusions:

■■ The disposition of this motion for new trial rested in the sound discretion of the trial court, Thomas v. Goldberg (Tex. Civ. App.) 283 S. W. 230; Farrell v. Truett, Abernathy & Wolford (Tex. Civ. App.) 60 S.W.(2d) 475; and in our judgment no error was committed in overruling the motion.

■ In the first place, as a general proposition of law, it was necessary for appellant to establish that the judgment complained of was rendered through fraud, accident, or mistake. Wear v. McCallum, 119

Tex. 473, 33 S.W.(2d) 723. And there was no testimony raising either of these issues.

■ In the second place, it was necessary for appellant to establish a "good defense" to appellee's cause of action. Homuth v. Williams (Tex. Civ. App.) 42 S.W.(2d) 1048. The issue of "good defense" was not raised on the motion for new trial. On trial, appellee anticipated the answer of appellant by showing that every assessment against the policy of which the insured had notice was regularly paid. Article 4875a—17, Vernon's Ann. Civ. St. (Acts 1929, 41st Leg., p. 563, c. 274, § 17), provides: "Before suspending any member from membership it shall be necessary for the Association to mail a notice, by first class mail, to the member which notice shall state the final date of payment."

Appellant offered no proof that any such notice had been mailed advising the insured that an assessment had been made against his policy in the manner required by law. The fact that no such notice was received by the insured clearly raised the issue, found by the court in appellee's favor in rendering judgment for her, that no such notice was mailed.

■ In the third place, knowing that he would not be able to attend the Jasper court on the 17th of April in time to advise appellee's counsel or the court that he could not be present, appellant's counsel should have been diligent by asking for a postponement. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195.

■ In the fourth place, the evidence raised the issue against appellant that its purported defense to the effect that the policy had lapsed was not made in good faith. The insured died on or about the 20th day of September, 1932. On September 23, 1932, the following letter was written appellant: "Kindly send us claim papers for the above who died in Beaumont hospital on September 20."

Appellant failed to reply to that letter, whereupon, on October 6, 1932, it was written the following letter: "On September 23rd we wrote you asking for claim papers on the above who died September 20. To date we have not received them. Will you kindly send them to us as Mrs. Mitchell is anxious to

get her claim filed. She is expecting to take care of the hospital and funeral expenses with this money."

To that letter appellant replied as follows on October 10, 1932: "We have your letter of Oct. 8th relative to claim of Mrs. Mitchell and we wish to thank you for your interest in this matter and this letter will be referred to our committee for consideration.

"Yours very truly,
"M. C. Driscoll, President."

Again, on November 3, 1932, appellant wrote appellee the following letter:

"Mrs. A. J. Mitchell, Kirbyville, Texas.

"Dear Mrs. Mitchell: Your claim has not yet been presented to our committee because there were several other claims ahead of you in this class and even were your claim allowed it would be several months before an assessment could be made. However, we will take it up with them at the very first opportunity.

"Yours very truly,
"M. C. Driscoll, President."

Mr. George L. Kirkpatrick, of counsel for appellee, testified as follows on cross-examination on motion for new trial:

"Q. You had talked to Mr. Driscoll, and he had shown you that an assessment had been made on a previous date, and the time for making the payment under that assessment had already passed, prior to the death of the deceased? A. He did not. I requested him to show me his books relative to this, which he did not do. I asked him on several occasions to furnish me with this information.

"Q. Did you do that by letter? A. I did it in person. I have also written him several letters concerning this case, however."

As we understand the record, the defense that the policy had lapsed was advanced by appellant for the first time when it filed its answer to appellee's petition after it had been served with citation. In our judgment, this statement of the facts raised the issue against appellant that its defense was not made in good faith.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.