### KNIGHT v. SLEDGE MFG. CO.

#### No. 11053.

Court of Civil Appeals of Texas. Galveston.

Oct. 10, 1940.

Rehearing Denied Nov. 14, 1940.

Percy C. Fewell and Dudley W. Peterson, both of Dallas, for appellant.

Butler & Price, of Tyler, for appellee.

GRAVES, Judge.

This general statement of the nature and result of the suit, thought to be correct, is taken from the appellee's brief:

"This suit was brought by the Sledge Manufacturing Company, of Tyler, Texas, against John T. Knight and C. C. Knight, alleged to be a partnership trading as Knight Dry Goods Company, residents of Hunt Company, Texas, on a promissory note in the sum of $245.75, executed by the Knight Dry Goods Company. Plaintiff prayed for judgment for the amount of the note, principal, interest and attorneys' fees.

"The defendants, C. C. Knight and John T. Knight, filed separate answers. The answer of the appellant, John T. Knight, consisted of a verified denial of partnership; and, according to the answer, Olin P. McWhirter was the attorney for John T. Knight.

"On October 25, 1939, the plaintiff, Sledge Manufacturing Company, appeared and announced ready for trial, but the defendants, C. C. Knight and John T. Knight, composing the partnership of Knight Dry Goods Company, though having been duly

and legally cited to appear and answer, and having filed their answer, made no further appearance; and the court, after having heard the evidence, rendered judgment for plaintiff for the amount of the note, principal, interest and attorneys' fees and costs of suit. The judgment recites that 'these defendants have been duly and legally cited to appear and answer herein, and having filed their answers, made no further appearance.' On October 26, 1939, a motion for new trial was filed, signed by P. C. Fewell, as attorney for the defendant, and verified by the affidavit of P. C. Fewell and none other. The court overruled this motion for a new trial."

Inveighing against such determination below, John T. Knight alone, as the sole appellant, C. C. Knight, the other defendant in the trial court, not having appealed, presents these two grounds for a reversal:

(1) Neither of the defendants having appeared at the trial, a prima facie case that the two Knights were such partners on February 1 of 1939 in plaintiff's favor was not made out either by the written instrument received in evidence, purporting to have been signed by John Knight and reciting, "I am a partner in the firm of Knight Dry Goods at Commerce, Texas, 9-24-36", or by a concession—which appellant assumes for argument's sake, but does not make—that he had been such a partner on September 24 of 1936.

(2) "The trial court abused its discretion and erred in overruling appellant's verified motion for a new trial, in view of the fact that said motion showed that appellant's only attorney was prevented, through no fault of appellant, from attending the trial of this case and appellant was physically unable to attend the trial for the purpose of presenting his meritorious defense."

Neither of these contentions, it is thought, should be sustained.

■ As to the first, as this unimpeached judgment on its face discloses, it being clearly one by nil dicit, the appellant, although he had previously filed an answer, made no further appearance, without having shown an excuse acceptable to the trial court therefor, hence—under our authorities, there being nothing in this record to raise any rebutting presumptions—he can neither complain on appeal of procedural errors made upon the trial, nor of the sufficiency of the evidence received there to sustain the judgment rendered, the pertinent recitations of which are these:

"On this, the 25th day of October, 1939, and at a regular term of this court, came on to be heard the above entitled and numbered cause, came the plaintiff, by attorney, and announced ready for trial, but the defendants, C. C. Knight and John T. Knight, composing the partnership of Knight Dry Goods Company, having been duly and legally cited to appear and answer herein, and having filed their answer, made no further appearance; and the court having heard the pleadings of the plaintiff and the evidence, is of the opinion and finds that the defendants, C. C. Knight and John T. Knight, are indebted to the plaintiff in the sum of Two Hundred Ninety and 15/100 ($290.15) Dollars, on this date, being the amount of the principal, interest and attorneys' fees, due to the plaintiff by the defendants on the note sued on herein:

"It is, therefore, ordered, adjudged and decreed by the Court that the plaintiff, Sledge Manufacturing Company, do have and recover of and from the defendants, C. C. Knight and John T. Knight, jointly and severally, said sum of Two Hundred and Ninety and 15/100 ($290.15) Dollars, with ten per cent interest on the sum of Two Hundred and sixty-three and 77/100 ($263.77) Dollars thereof from this date until paid, and all costs of suit, for all of which let execution issue." Spivey et al. v. Saner-Ragley Lumber Company et al., Tex.Com.App., 284 S.W. 210.

■ As concerns the second presentment, it appears to this court that appellant's motion for a new trial below itself discloses the absence of a proper showing of diligence for the non-appearance either of himself or his attorney at that trial, the plain if not necessary imputation therein being that "prior to the rendition of the judgment, he had not made any effort to apprise the appellee or its attorneys, or the court, that the appellant could not appear at the trial on account of sickness, or any other reason, or that the attorney for the appellant could not attend the trial on account of being engaged in the trial of a case in another court."

This appears from the only two applicable paragraphs of that motion, which were these:

"1. This defendant relied upon his attorney to be present and represent him in the trial of this case, but through no lack of diligence this defendant's attorney was prevented from attending the trial of this

case by being put to trial in a case then pending on and before the District Court of Dallas County for the One Hundred Sixteenth Judicial District of Texas, in a case of Forest v. American Insurance Company of Texas, No. 38305, on the day preceding the trial of this case and required to continue that trial before a jury at the very time this case was called for trial. Despite this defendant's attorney did telephone the Judge of this Honorable Court on the day of the trial herein and at the said attorney's first opportunity and before the rendition of judgment herein and did request that this case be continued until the next day.

"2. This defendant is more than seventy-five years of age and has been confined to his bed most of the time during the past year and because of the suicide of Ira Joe Knight in defendant's immediate family on the afternoon of October 24, 1939, this defendant was badly upset and physically unable to attend the trial of this case on the twenty-fifth day of October, 1939, and was thereby prevented from being personally present at such trial."

It thus intrinsically appears that appellant's attorney neither advised the trial judge, nor attorneys for the appellee, of any reason why he wanted the trial postponed, or continued for one day, or any other period of time; nor did he acquaint them, or either of them, with the alleged age and other infirmities affecting the appellant at that time. Indeed, it indisputably appears that the first time either of these matters was even brought to the attention of the attorney for appellee, at least, was when it appeared in the motion for a new trial.

This situation fails to disclose an abuse of the "large discretion" lodged in the trial court in such instances. 25 Tex.Jur. page 547, paragraph 151, and cited authorities.

What strikes this court as the fatal omission to show the requisite diligence, as to which the burden was on the appellant, was the neglect of his attorney—knowing as he was shown to have, that his own case in the Dallas County court was on trial on October 24 of 1939—to endeavor to secure from the court, or opposing counsel, or both, a postponement of the appellant's cause before it was called for trial. These additional authorities appear to fully sustain that conclusion. Tex.Jur., Vol. 25, page 571; Martin v. Clements, Tex.Civ.

App., 193 S.W. 437, par. 4; Texas, etc., v. Mitchell, Tex.Civ.App., 68 S.W.2d 628; Cromer v. Sgitcovich, 28 Tex.Civ.App. 193, 66 S.W. 882; Roberts v. Fitzgerald, Tex. Civ.App., 93 S.W. 704.

Pursuant to these conclusions, an affirmance will be ordered.

Affirmed.