## Andrew J. Burke v. Frank A. Thomson.

The principle in Thomson v. Bishop, 24 Tex., 302, explained to mean, that the sheriff may amend his return by leave of the court, in accordance with the statute. (Paschal's Dig., Art. 53, Note 242.)

Such an amendment might be made independently of the statute by bill of review, but it may be made at any time under the direction of the court.

If the amendment be made at a term after the rendition of the judgment, notice of the motion should be given; but the five days required for the service of an original citation (Paschal's Dig., Art. 1506) are not a prerequisite to a good notice.

A party cannot limit the powers of his attorney of record, so as to defeat the service of notice.

ERROR from Washington. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

The first trial of this case in the Supreme Court is not

reported in 24 Tex.    It is believed to have been controlled by Thomson v. Bishop, 24 Tex., 302; same case, *ante* 154. In that case, the point decided was upon the effect of an amendment made upon motion of the plaintiff's attorney, after suing out a writ of error, with notice only to the attorney who signed the petition for the writ.

The whole proceeding is unique.    The original suit was upon a note for $200 and interest.    The sheriff's return read as follows:

"Received February 23, 1858.    Executed, March 9, 1858, by serving the defendant with a true copy of this writ and a certified copy of plaintiff's petition."

It is difficult to see what is the defect in the service. (Paschal's Dig., Art. 1433, Note 545.)    The defendant made default, and judgment was rendered at the same term.    After execution had been issued, the defendant, on the 4th January, 1859, prosecuted error.    The plaintiff in the judgment, on the 8th of that month, being at the next term after the judgment, filed his motion to allow the sheriff to amend his return.    On the same day, Sayles & Bassetts, for the defendant, acknowledged service, but with the protest, that "we deny that we are defendant's attorneys in the district court.    We act as his attorneys in the writ of error now pending in the Supreme Court.    We do not waive time.    October 8, 1859."    As has been seen, the case was reversed in the Supreme Court for want of proper service.    But, on the 18th of October, 1859, the sheriff amended his return, to the allowing of which amendment the defendant excepted, on the grounds, that the writ of error was then pending; that there was no notice; that the notice to the attorneys was not in time, &c.

On the 11th of April, 1860, the plaintiff moved to set aside his own judgment, for want of sufficient service. Notice of the motion was served the same day, and, on the 13th of the same month, the motion was sustained and the case re-docketed.    The defendant making no further

defense, on the 23d of April the judgment by default was rendered. The defendant again prosecuted error, and assigned for error, some defects in the petition, and the insufficiency of the service.

*Sayles & Bassetts*, for the plaintiff in error, recited the facts.

In the case of Thomson v. Bishop, decided in 1859, presenting a similar state of facts, this court decided that all the proceedings subsequent to the first judgment were nullities.

If it were in the power of the court to set aside the judgment after the term, and while the cause was pending in the Supreme Court, the plaintiff did not pursue the course indicated in the case of Thomson v. Bishop. In that case the court says, that "the plaintiff should have filed his petition, setting forth the facts, and have served the defendant with process, as in an original suit."

In this case the amendment was made upon motion filed after the commencement of the term, and served but two days before the action of the court setting aside the judgment.

*J. D. & D. C. Giddings*, for the defendant in error.

MOORE, C. J.—If we were to regard merely the literal import of the language used by Mr. Justice Roberts, in the first part of the opinion delivered in the case of Thomson v. Bishop, (24 Tex., 302,) when formerly before this court, it would lead to the conclusion that the judgment in this case is erroneous. "The question," he says, "in this case is, whether or not, after the term of the court at which a judgment is rendered, the sheriff can amend a defective return of service, upon a mere motion made by the plaintiff below, with notice thereof served upon the attorney of the defendant below who had filed a petition for a writ of error. We think such amendment does not

cure the defect of the judgment. The plaintiff below should have filed his petition setting forth the facts, and asked the court to set aside the judgment thus erroneously entered in his favor, and have served the defendant with process, as in an original suit."

But it is to be observed, that the point before the court was, whether the apparent defect in the judgment might be obviated by an amendment after the term at which the judgment was rendered, and thus, in effect, as is said, deprive the defendant of the opportunity of making a defense. The court was not called upon to determine the character of proceeding which must be resorted to in order to correct such defective return. We need not, therefore, conclude, from the general language which we have quoted from the opinion, that the court intended to hold that the objection to a judgment by default on a defective return could only be obviated after the adjournment of the term at which it was entered, by a bill of review, and that it intended, in effect, to repeal so much of the statute as authorized "any mistake or informality in a return" to be cured "at any time, under the direction of the court." The relief could undeniably be had by bill of review, independently of the statute, and if it can be had in that manner alone, the intention of the legislature to give the simple and speedy remedy by an amendment of the mistake or informality of the return, has failed to accomplish the full purpose for which the law was enacted.

It is, however, not to be supposed that the court entertained this view of the matter, for, in respect to this authority given to the officer to amend his return "*at any time*," it is said: "It is true the statute says that 'any mistake or informality in a return may be corrected at any time under the direction of the court.' (O. & W. Dig., 115.) This may grant the power to permit an amendment of the return after the term at which the judgment was rendered, as well as before. Still the power should be exercised in such man-

ner as not to deprive the defendant below of any substantial right of pleading any matter of defense, after it was made to appear to the court by the amendment of the return that the process had been served." (3 Black. Com., 410.) At least we think this is quite as liberal a construction of the statute as can be justly asked for the protection of defendants who have been, in fact, duly served with process, but who have watched and detected the informality of the return, and therefore declined answering during the term at which they were cited to appear. The opportunity of a defendant who rests upon the defect in the return to plead might, it seems, be as effectually cut off by an amendment during the term after default day, as if made at a subsequent term. And especially is this so when, in the one instance, it may be done without, while in the other it is after full notice to himself or attorney of record, and when the judgment by default has been set aside, and an opportunity has been afforded him of pleading any matter of defense which he might have originally set up. We cannot agree that a party who has been duly and legally served, but having watched for and ascertained the defect in the return, fails to answer at the term to which he has been duly notified, choosing to rely simply upon the mistake of the officer, has any claims upon the indulgence of the court, or can complain if he should not receive notice of an application to correct such judgment for the same length of time before the beginning of the term as is required for an original suit.

The proceedings had in the district court to correct the original judgment are, in our opinion, in substantial conformity with the spirit and intention of the decision of this court in the case of Thomson v. Bishop, (24 Tex., 302,) and the judgment is therefore

AFFIRMED.