THE CANADIAN AND AMERICAN MORTGAGE AND TRUST COMPANY, LIMITED, v. JAMES KNOX POLK KYSER ET AL.

No. 336.

1. **Citation—Amendment of Sheriff's Return.**—A citation commanded the sheriff to serve a copy of plaintiff's first amended original petition, which was in fact served. The return showed service of plaintiff's original petition. After judgment by default, but before motion for a new trial was acted upon, a motion, of which defendants had notice, was made to correct the sheriff's return in accordance with the facts. *Held,* it was proper for the court to require the sheriff to make a proper return on the citation.

2. **Attachment—Foreclosure—Homestead—Parties.**—A plaintiff who sues on a claim for debt, and sues out an attachment which is levied on real estate, can make parties those who claim homestead rights in the land, and have the question of homestead rights tested, and foreclose the attachment lien in that suit, and therein adjudicate the respective rights of the parties.

3. **Judgment—Pleadings.**—In order to adjudicate the homestead rights in the foreclosure of an attachment lien, the homestead question must be raised by the pleadings.

4. **Attachment—Jurisdiction.**—The court issuing an attachment which is levied on land in another county than where defendants in attachment resided, having jurisdiction to foreclose the attachment lien, has jurisdiction over all matters pertaining to the attachment to make the foreclosure effective. Appellees, defendants below, having

failed to appear and contest appellant's right to foreclose, thereby submitted to the jurisdiction of the court, and judgment by default was proper.

5. Interest—Judgment.—Notes bore interest at the rate of 10 per cent per annum, payable semi-annually, according to interest coupons attached, and provided that the interest coupons should bear interest after maturity at the rate of 12 per cent per annum. A judgment on the notes and interest not matured into coupons should bear interest at the rate of 10 per cent per annum.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

*Cobb & Avery*, for appellant.—1. The legal consequence of a judgment by default is, that the facts set out in the petition are to be taken as proved and admitted. Long v. Wortham, 4 Texas, 381; Swift v. Faris, 11 Texas, 18; Guest v. Rhine, 16 Texas, 549; Clark v. Compton, 15 Texas, 32; Ricks v. Pinson, 21 Texas, 507; Niblett v. Shelton, 28 Texas, 548.

2. A judgment by default establishes the facts alleged to entitle plaintiff to an injunction. Watson v. Newsham, 17 Texas, 437.

3. The plaintiff in attachment may have the question of the homestead rights of the defendant settled in the attachment suit by so amending his pleadings as to give the defendants notice that they are called upon to defend their homestead rights, and then the failure of defendant to assert such rights will be an admission they have none. Wagon Co. v. Kennedy, 75 Texas, 212; Hull v. Naumberg, 1 Texas Civ. App., 132; Ward v. McKenzie, 33 Texas, 297; Johnson v. Heidenheimer, 65 Texas, 263; 3 Pom. Eq., sec. 1415, and note on page 2185 (2 ed.); Willis v. Matthews, 46 Texas, 479; Mayers v. Paxton, 78 Texas, 196; Robinson v. Swearingen (Ark.), 17 S. W. Rep., 366.

4. The policy of our system of jurisprudence is to discountenance a multiplicity of suits, and to require the settlement of all controversies in a single suit if practicable. Smith v. Power, 2 Texas, 57; Francis v. Northcote, 6 Texas, 185; Clegg v. Varnell, 18 Texas, 294; Blair v. Gay, 33 Texas, 157.

5. The right to be sued in the county in which one has his domicile is a personal privilege which must be claimed by demurrer, or plea in abatement, and if not so pleaded, is waived. Masterson v. Cundiff, 58 Texas, 472; Allen v. Read, 66 Texas, 13; Tevis v. Armstrong, 71 Texas, 59; Caven v. Hill (Texas), 18 S. W. Rep., 322.

6. Where the note is payable in a certain county, and suit is brought in said county, and attachment is issued and levied, all persons who are proper or necessary parties to the attachment suit may be joined in the suit in the county where the note is payable, although they may reside outside of that county. Garretson v. De Poyster (Texas), 16 S. W. Rep., 106; Matthews v. Denison, 1 Ct. App. C. C., sec. 1256.

7. Interest upon interest is not usurious. Andrews v. Hoxie, 5 Texas, 171; Miner v. Bank, 53 Texas, 559.

8. On a contract to pay interest annually, interest runs on the annual interest as it accrues.   Lewis v. Paschal, 37 Texas, 315.

9. It is the proper practice to render judgment for the principal and interest then due, and let this new principal bear interest from the date of judgment at the rate it bore before judgment.  Frazier v. Campbell, 5 Texas, 275; Miner v. Bank, 53 Texas, 559.

*Chandler & Stroud* and *Edward Gray,* for appellees.   No brief for appellees reached the Reporter.

RAINEY, ASSOCIATE JUSTICE.—The statement of the case made by appellant is adopted as the statement of this court, and is as follows:

This suit was commenced by original petition filed in Dallas County, March 9, 1892, by appellant, against J. K. P. Kyser, who resides in Rockwall County, for the amount due on two promissory notes, each for the principal sum of $1000, made by said J. K. P. Kyser on March 6, 1888, payable to the order of appellant on respectively the 1st day of January, 1892, and the first day of January, 1893, and for interest thereon at 10 per cent per annum, payable semi-annually on the 1st days of January and July in each and every year, according to the terms of interest coupons attached to said notes, the notes and interest coupons providing that payment of the same shall be made at Dallas, Dallas County, Texas, and that the coupons shall bear interest after maturity at 12 per cent per annum.   The original petition alleges, that each of the notes provides that in case default shall be made in the payment of any of the interest coupons for the space of five days after the same shall become due, then the principal sum in said notes, with the accrued interest, shall, at the election of the holder of the notes, be at once due and payable.   It alleges the number of the coupons that are due, and describes them, and shows that default has been made in the payment of eight or more coupons for longer than five days.   It alleges, that the plaintiff is the holder and owner of all the notes and coupons, and has elected that they be at once due and payable, etc.

Upon this original petition, attachment affidavit and bond were filed and writ of attachment was issued, which was on March 10, 1892, levied upon certain real estate in Rockwall County, as the property of James Knox Polk Kyser.

On March 18, 1892, appellant filed a first amended original petition, in which Fannie Kyser, wife of James Knox Polk Kyser, was made a codefendant with James Knox Polk Kyser, and after declaring upon the notes and coupons as set forth in the original petition, the amended original petition sets forth the issuance and levy of the writ of attachment, describing the attached lands with certainty by metes and bounds, and then goes on to allege that the defendants, James Knox

Polk Kyser and his wife, claim, or pretend to claim, some homestead rights or other rights in said attached lands, and it calls upon them and notifies them to set up their homestead, and any other rights they may have in said property, and defend the same in this suit, and upon their failure to assert their rights, they will be considered as having none. The amended original petition alleges, that the attached property and every part thereof is not the homestead of defendants, and was not at the time of the levy of said writ, and that defendants have no rights in said property that would prevent a foreclosure of the attachment lien so as to forever bind and estop them from setting up any claims or rights in said property. It prays for judgment against James Knox Polk Kyser for its debt and interest, and against both of the defendants for foreclosure of the attachment lien, and that both of said defendants be barred, foreclosed, and enjoined from setting up any homestead or other claims or rights in said attached lands, for costs, and general relief.

Upon this first amended original petition citation was issued on March 18, 1892, to both defendants, and was served by the sheriff of Rockwall County, by delivering to each of them a copy of the citation, together with a certified copy of the amended original petition.

The defendants failed to appear and answer as required by law, and judgment by default was taken against them on April 6, 1892. This judgment was against James Knox Polk Kyser for $2544.65, that being the total amount due on the notes, and interest, and it provided that the sum of $2052.78, that being the amount of principal and interest not yet matured into coupons, should bear interest from date at 10 per cent per annum, payable semi-annually, the semi-annual installments of interest to bear interest from their maturity at 12 per cent per annum, and that the sum of $491.87, that being the amount due on the matured interest coupons, should bear interest from date at 12 per cent per annum, and against both of the defendants for foreclosure of the attachment lien on the lands, and barring and foreclosing them from any rights of homestead, and any and all other rights in said property, and perpetually enjoining them from ever setting up any homestead or other claims or rights in said attached lands as against the foreclosure and title passing under the same.

On May 28, 1892, James Knox Polk Kyser and wife filed a motion for new trial and to reform the judgment, in which they alleged, among other things, that the judgment rendered was improper and void in so far as it barred and enjoined them from setting up homestead claims to the attached lands, because this matter was not properly at issue in the case, and also, that the judgment awarded compound interest to the plaintiff, and in that respect was improper.

On June 2, 1892, judgment was rendered refusing the application for new trial, but reforming the judgment in the following particulars:

1. The clause barring and foreclosing defendants from any right of homestead, and any and all other rights in the attached lands, and enjoining them from setting up homestead or other claims to said lands was stricken out; and (2) the clause providing that the sum of $2052.78, being the principal and interest not yet matured into coupons, should bear interest from date at 10 per cent per annum, payable semi-annually, and the semi-annual installments of interest should bear interest from maturity at 12 per cent per annum, was stricken out, and said sum was left to bear interest from date at 10 per cent per annum —to all of which plaintiff below excepted, and in open court gave notice of appeal. It filed an appeal bond and an assignment of errors, and brings the cause to this court for review.

*Opinion.*—From the foregoing statement it will be observed that the court refused to grant the defendants a new trial; but reformed the judgment theretofore rendered, eliminating therefrom the question of homestead exemption, and changing the same as to rate of interest. The reasons of the court below for reforming the judgment, as indicated, are not given, nor is there anything shown by the record from which we can determine.

There are various grounds set forth in the motion for new trial, which we will consider; the first and second grounds being in effect the same, that the return of the sheriff of Rockwall County showed that a copy of plaintiff's original petition was served on Fannie Kyser, instead of plaintiff's first amended original petition by which she was made a party, and the service therefore void.

The citation commanded the sheriff to serve a copy of plaintiff's first amended original petition, and the return showed defective service. But plaintiff made a motion to have the sheriff make a correct return in accordance with the facts, as he had in fact served the first amended original petition. Of this motion defendants had due notice. A hearing of the motion was had before action was taken on the motion for a new trial, and an order duly made requiring the sheriff to make the proper return. This action of the court was proper; and its action in reforming the judgment could not therefore have been properly based upon defective service.

The third, fourth, fifth, sixth, and seventh grounds relied on are virtually covered by the sixth ground, which is as follows: "Because the plaintiff could not require the defendants to come to this court away from their county and set up their homestead rights in a tract of land which was claimed by no one, and when their title and possession was not questioned. And defendants say that the judgment herein entered, in so far as it enjoins them from at any time setting up their homestead claim, is void."

The first question arising under this proposition that we will consider, is, can a plaintiff, when he sues on a claim for debt and sues out a writ of attachment which is levied on real estate, make parties those who claim homestead rights in the land, have the question of homestead rights tested, and foreclose the attachment lien in that suit, and therein adjudicate the respective rights of the parties?

In the case of Wagon Company v. Kennedy, 75 Texas, 212, plaintiff sued on notes given for debt, an attachment was issued therein, and levied on real estate. Kennedy answered, claiming the land as a part of his homestead. On that issue the case was tried; the lower court holding it was his homestead, and on appeal the judgment was affirmed.

It is true, Kennedy voluntarily raised the homestead issue, and the Supreme Court treated it as though it was proper to adjudicate the issue in that suit.

The doctrine as to the power of the court to adjudicate rights claimed to exist that would defeat an attachment lien on land in the same suit in which the lien is sought to be foreclosed, is well stated by the court in Ward v. McKenzie, 33 Texas, 297, which case is quoted with approval in the case of Johnson v. Heidenheimer, 65 Texas, 263. The court say: "The levy of an attachment confers jurisdiction upon the court, and operates as a lien until judgment can be had upon the justice of the demand; and if any obstructions lie in the way of the execution and sale of the property in satisfaction of the judgment, the court, as a court of equitable as well as of common law cognizance in the same suit, can remove all such obstructions without compelling parties to circuity of action for the final adjustment of their rights; * * * and if it operates as a lien, it will hold it till judgment and until execution can arise; and if it be in a forum which dispenses both law and equity in the same suit, every obstacle and obstruction to the satisfaction of the judgment to the full extent of the property attached can be removed out of the way."

There is no question that the levy of an attachment creates a lien on the property so levied upon. There is no question that the District Court can take cognizance of and adjudicate both equitable and common law rights in the same suit. Such being so, we see no good reason why the plaintiff in this suit could not have the question of homestead adjudicated. While the cases above quoted were treating of rights growing out of what was claimed as fraudulent conveyances, yet there is no difference as to the character of claim—whether homestead or not. The only question as to the claim is, is it such a claim as under the law it will bar a foreclosure? The claim of homestead stands upon no higher ground, nor is it of any higher dignity as far as results are concerned, than any other right which is of sufficient dignity under the law to bar a foreclosure of a lien. The policy of our law is to

avoid a multiplicity of suits, and as said by counsel for appellant, the practice of "settling all the controversies in one suit, and exposing the property to sale under conditions best calculated to make it bring full value, is the best practice—fair alike to all parties, and should be encouraged by the court." Hill v. Naumberg, 1 Texas Civ. App., 132; 1 Pom. Eq., sec. 1415, and note on page 2185 (2 ed.).

Unless the question of homestead is raised by the pleading, the foreclosure of the attachment lien would not prevent the owner from setting it up in an action to recover the land. Mayers v. Paxton, 78 Texas, 196.

The next question to be considered is, was the fact that the land was situated in Rockwall County, and the residence of appellees being there, sufficient to prevent the court from exercising jurisdiction over the land and parties?

The court had jurisdiction to issue the writ of attachment, have it levied on the land, and foreclose the lien. Having jurisdiction to foreclose the lien, it had jurisdiction over all matter pertaining thereto to make the foreclosure effective. Appellees were duly cited, and having failed to appear and contest appellant's right to foreclose, they submitted to the jurisdiction of the court, and will not now be heard to complain on that score.

The court erred in reforming the judgment as to the question of homestead. Plaintiff by an amended original petition made Mrs. Fannie Kyser a party, and pleaded that appellees were claiming the land as their homestead. They were duly notified of this plea, and were thereby called upon to answer. Plaintiff was entitled to have the question adjudicated, and appellees having failed to answer, it was proper to enter a judgment by default against them in accordance with the prayer of the petition. The court having adjudicated the question of want of service against appellees, and no excuse for failing to answer being shown in their application for a new trial, the judgment as to the homestead claims should not have been disturbed. Besides, their motion shows that the land in controversy is not a part of their homestead. They state that it is a part of a 400 acres tract on which their homestead is situated, and that 200 acres, in which this is not included, is their homestead. That said 200 acres is now in litigation, and if they lose it, they want to claim homestead rights in the land in controversy; thus showing that there is no homestead right existing.

The other relates to the question of interest. We think the action of the court in reforming the judgment as to the question of interest was correct, and the judgment in that respect will not be disturbed.

As there was error in the action of the court in reforming the judgment as to the homestead exemption, and as there was nothing specified in appellees' motion for a new trial showing any reason why appellant was not entitled to a foreclosure of the lien as against all their rights

in the land, the judgment will be reversed and here rendered for appellant, as herein indicated.

*Reversed and rendered.*

Delivered May 2, 1894.