### BOOKER v. COULTER.

(Court of Civil Appeals of Texas. Austin. Nov. 6, 1912.)

1. JUDGMENT (§ 138*) — SETTING ASIDE DEFAULT—DILIGENCE—PROCURING COUNSEL.

A nonresident defendant, who, though knowing for some time that he was without counsel in an action, did not attempt to engage counsel until a few days before the beginning of the term at which the case was to be tried, did not exercise sufficient diligence to warrant the setting aside of his default because he was unrepresented by counsel.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251, 254; Dec. Dig. § 138.*]

2. JUDGMENT (§ 145*) — VACATION OF DEFAULTS.

A default judgment will not be vacated, on the ground that defendant was not represented by counsel, where it appears that, had he been represented by counsel, the result could not have been changed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292–295; Dec. Dig. § 145.*]

3. JUDGMENT (§ 138*)—VACATION—DEFAULTS—OBTAINING TESTIMONY.

Where a nonresident defendant knew, at least a month before the trial of an action, that he could not be present, and that his defense could alone be made by his testimony, his failure to have his deposition taken was such

a lack of diligence that a default will not be set aside to allow him to present his defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251, 254; Dec. Dig. § 138.*]

**4. JUDGMENT (§ 158*)—VACATION—DEFAULTS —MERITORIOUS DEFENSE.**

A motion to set aside a default must be denied, where the allegation of a meritorious defense is not supported by affidavit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 311; Dec. Dig. §, 158.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by J. D. Coulter against S. W. Booker. There was a judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 150 S. W. 219.

I. J. Curtsinger, of San Angelo, for appellant. C. E. Dubois, of San Angelo, and Stone & Wade, of Ballinger, for appellee.

### Findings of Fact.

JENKINS, J. Appellee recovered a judgment for $1,000 against appellant, the amount paid by him for stock in the Booker-Jones Oil Company, which he alleged he was induced to purchase by the fraudulent representations of appellant. Appellant assigns error on the action of the court in overruling his motion for a new trial, first, because he was not represented on said trial by any attorney; and, second, because he was not present at said trial.

The facts show: That appellant had formerly resided at San Angelo, Tom Green county, Tex., but that at the time of the trial he was a resident of Eminence, Ky. That at the institution of this suit in 1910 he employed a firm of lawyers of San Angelo, Tex., to represent him in this case. Said lawyers moved away from San Angelo prior to the trial of this cause, which fact appellant learned from a letter from one of them on November 16, 1911. On December 6, 1911, he wrote I. J. Curtsinger, who represents appellant on this appeal, asking what he would charge him to represent him; and on December 12th had his bank at Eminence, Ky., wire the San Angelo National Bank to pay said Curtsinger the amount of the fee demanded, of which telegram, by reason of a mistake in transmitting same, Curtsinger was not notified until December 16th. Court convened on December 11th, and this case was tried on the 14th. At the time of said trial, and at least a month prior to said time, appellant's wife was seriously sick at their home in Eminence, Ky., so that he could not leave her.

### Opinion.

[1] 1. No sufficient diligence was shown as to the employment of an attorney to represent him after appellant learned that his attorneys would not be present to represent him at the December term of court.

[2] 2. Had Mr. Curtsinger been employed

on December 12th, the date of appellant's telegram to the bank, it is not probable that his presence at the trial would have changed the result, as the testimony in appellee's behalf was ample to sustain the judgment, and Mr. Curtsinger would have had no testimony to offer in rebuttal; it not appearing that the facts of appellant's alleged defense were known to any one but himself.

[3] 3. Appellant was a citizen of another state, and knew, for at least a month before the trial, that he could not be present at said trial, and yet he took no steps to have his deposition taken. This shows a lack of diligence as to procuring his testimony on said trial. Mayer v. Duke, 72 Tex. 445, 10 S. W. 566.

[4] 4. It is not properly made to appear that appellant had a meritorious defense to appellee's suit. The motion states that appellant did not sell said stock to appellee, and did nothing to induce him to buy the same; but this is not supported by affidavit.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.