## EMPLOYER'S REINSURANCE CORPORATION v. BROCK.

### No. 1254.

Court of Civil Appeals of Texas. Eastland.
April 13, 1934.

Rehearing Denied July 13, 1934.

436

Wilson, Randal & Kilpatrick, of Lubbock, and Ratliff & Ratliff, of Haskell, for appellant.

Smith & Smith, of Anson, and M. Smith, of Hamlin, for appellee.

LESLIE, Justice.

This suit arises under the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq., as amended), and from a lump-sum judgment in favor of the employee Joe Brock, the appeal is prosecuted by the insurance company. The facts material to the disposition of the appeal will be stated in the course of the opinion.

The suit was filed March 21, 1933, and the defendant was alleged to be "a corporation operating under the laws of the State of Missouri, and engaged in writing Workmen's Compensation insurance in the State of Texas under and by virtue of a permit issued to it as provided by the laws of said State and ·maintaining an office in the town of Houston, Harris County, Texas, with John R. Young in charge thereof as the duly authorized attorney for service of legal process in Texas upon (whom) service of process may be had in this cause." Citation issued to the sheriff of Harris county, commanding him to summon the "Employer's Reinsurance Corporation, a private corporation" to appear before the district court of Haskell county at the next regular term, beginning April 17, 1933. Neither the name of the agent, nor his character as such, was recited in the citation proper, but attached to the citation was a certified copy of the plaintiff's original petition, and reference to the same was made for the nature of the plaintiff's demand. The citation further read "and you will deliver to said defendant Employer's Reinsurance Corporation, a corporation, in person a true copy of this citation, together with accompanying certified copy of the plaintiff's original petition."

The sheriff's original returns indicated that the citation was served on the defendant in the following manner: "Received this writ on the 30th day of March, A. D. 1933, at 2 o'clock P. M., and executed the same in Houston, Harris County, Texas, on the 31st day of March, A. D. 1933, at 3:50 o'clock P. M., by summoning the Employer's Reinsurance Corporation, a corporation, the within named defendant, by delivering John R. Young, agent of the said Employer's Reinsurance Corporation in person a true copy of this writ, together with certified copy of plaintiff's original petition."

The first term of court after the filing of the suit convened April 17, 1933. No answer was filed by the defendant, and on April 22, 1933, the court granted plaintiff a judgment, reciting the appearance of the plaintiff and the default of the defendant. The plaintiff introduced testimony in support of his cause of action, and the statement of facts is brought up on this appeal. On April 29, 1933, the appellant filed a motion seeking to have the judgment set aside and be granted a trial on the merits of the case. On May 9, 1933, the appellant filed an amended motion to set the judgment aside, and a hearing on that motion was had on May 19, 1933, at which time the court overruled the same. After the judgment

by default was granted, and prior to the overruling of the motion to set same aside, the court permitted the plaintiff to have the sheriff of Harris county amend his original return on the citation, and as amended it reads:

"Sheriff's Return (Amended)

"Received this writ on the 30th day of March A. D. 1933, at 2 o'clock P. M., and executed same in Houston, Harris County, Texas, on the 31st day of March, A. D. 1933, at 3:50 o'clock P. M., by summoning the Employer's Reinsurance Corporation, a corporation, the within named defendant by delivering to John R. Young, authorized attorney for service and local agent of said Employer's Reinsurance Corporation, in person a true copy of this writ together with certified copy of the plaintiff's original petition."

When the amended motion to set aside the judgment was before the court for consideration, the amended return was called to his attention. Other matters were brought out at the hearing on the motion, but they are unimportant and immaterial to the question before us. The service and return of process on the defendant is under attack. The question involves the validity of the judgment on the ground that the trial court was without jurisdiction to render the same, in that at the time of its rendition, no proof was offered respecting the agency of the said John R. Young, and that the judgment was without support in the pleadings, citation, sheriff's return, or the record. The proposition will now be considered.

The defendant being a foreign corporation, service could only be had upon it under and by virtue of article 2031, R. S. 1925, which reads as follows: "In suits against a foreign corporation, joint stock company or association, or acting corporation or association, process may be served on the president, vice president, secretary, treasurer, or general manager, and in any cause of action arising within this State, process may also be served upon any local or traveling agent, or traveling salesmen of such corporation, joint stock company or association, or acting corporation or association in this State."

As above stated, the sheriff's return on the citation was amended prior to the hearing on the motion to set the judgment aside. The right to so amend is not challenged, and such seems to be the undoubted right of the interested litigant or the officer. Article 2044, R. S. 1925; El Paso & S. W. R. Co. v. Kelly (Tex. Civ. App.) 83 S. W. 855, 858; Id., 99 Tex. 87, 87 S. W. 660; Delaware Ins. Co. v. Hutto (Tex.

Civ. App.) 159 S. W. 73; Canadian & American Mortg. & Trust Co. v. Kyser, 7 Tex. Civ. App. 475, 27 S. W. 280; Wilson v. Wagner Supply Co. (Tex. Civ. App.) 260 S. W. 932; 21 R. C. L. p. 1329, § 277 et seq. The citation is regular and reflects the essential elements of the petition. The return, as amended, meets in all respects the requirements of the law showing legal service on the defendant through its "local agent." As amended, the return specifically recites that service was had on the defendant through its "local agent John R. Young." In view of the amended return it was unnecessary for the plaintiff to introduce proof of the agency of said Young. The amended return related back to the date of the original. Hence, there is no merit in the contention that the plaintiff failed to introduce proof that Young was, in fact, the defendant's local agent. The plaintiff was under no legal duty to do so. The sheriff, in the discharge of his duty, sought out said Young, identified him as the defendant's local agent, and officially certified to that fact in his return. Under this state of the record, the *judgment by default was warranted without further showing or proof of agency on the part of the plaintiff.* Galveston, H. & S. A. Ry. Co. v. Gage, 63 Tex. 568; Gatlin v. Dibrell, 74 Tex. 36, 11 S. W. 908, 909; Houston & T. C. R. Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808; Illinois Steel Co. v. San Antonio & G. S. R. Co. (C. C.) 67 F. 561; Missouri Pacific Ry. Co. v. Wise, 3 Willson, Civ. Cas. Ct. App. p. 461, § 386; El Paso & S. W. R. Co. v. Kelly, supra; Grayce Oil Co. v. Varner (Tex. Civ. App.) 260 S. W. 883; Delaware Ins. Co. v. Hutto, supra; First National Bank v. Latham, 37 Okl. 286, 132 P. 891.

The right to have the sheriff amend his return being unquestioned, and that return disclosing service on the defendant through its "local agent" as prescribed by the statute, the burden of disproving that agency fell on the defendant who was seeking to overthrow the service. From the above authorities this clearly appears to be the rule of law under such circumstances. In the case of El Paso & S. W. R. Co. v. Kelly, supra, "Neither the local agent nor the general manager" of the corporation was named in the plaintiff's petition, nor citation. The sheriff's return showed service on each of the defendants' said agents. The sufficiency of the citation and service was there questioned, and in disposing of the point the court said: "While it is a general rule that the return on a citation, made by an officer competent to serve the writ, of the fact and mode of service, if in due form, is or-

dinarily conclusive upon the parties to the record, yet it seems that in this state, in a suit against a corporation, when its local agent or other officer upon whom service may be had is not named in the citation, the sheriff's return showing *service upon such agent or officer is not conclusive of the fact that he was such agent or officer, but such fact may be put in issue* (G., H. & S. A. Ry. Co. v. Gage, 63 Tex. 568); and that, if judgment by default has been taken against a corporation, it can, either by motion or original suit, have the judgment set aside by proving that the person cited was not its agent or officer authorized by law upon whom service can be had. H. & T. C. Ry. Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808." (Italics ours.)

In the case of Galveston, H. & S. A. Ry. Co. v. Gage, supra, neither the petition nor the citation stated that there was a local agent of the corporation upon whom service could be had, and the sufficiency of the service was questioned upon these grounds, as well as the insufficiency of the sheriff's returns. The sheriff's return stated that the process was served by delivering "a true copy of this citation to F. Voelker in person, the local agent representing the within named defendant * * * Railroad Company, in the county of Uvalde." Our Supreme Court held this to meet the requirements of law. It quoted approvingly from the Mineral Point R. Co. v. Keep, 22 Ill. 16, 74 Am. Dec. 124, and part of that excerpt is as follows: "Our statute authorizing service of process on an agent or conductor is an innovation upon the ancient practice, and no greater force and effect should be given to it than is absolutely necessary. * * * We think, therefore, that the fact of agency could have been put in issue by plea in abatement of the writ, the defendant appearing for that purpose only. By such practice no injustice can be done."

Our Supreme Court followed this with a statement that, "This rule will afford protection to all," and then proceeding further held: "In the case before us, however, the defendant did appear, and for the purpose of abating the writ, a copy of which was left at its office in San Antonio, filed a sworn plea; but *it filed no such plea in reference to the fact of agency or not of the person on whom the writ was served in the county in which the suit was brought;* but sought simply to quash the writ and service, upon purely technical grounds, *without in any manner denying that the person served was its local agent in the county of Uvalde at the time the writ was served.* We are of the opinion that this was not the

proper manner for raising the question of the sufficiency of the service, and that the court did not err in overruling the motion." (Italics ours.)

In this, and the other authorities cited, it will be observed that the *return* of the officer stating that the writ was delivered to the local agent of the defendant corporation, etc., was held to constitute a prima facie showing of service upon it, and, therefore, sufficient in law.

This line of authorities is of interest, and has a material bearing upon another phase of the case. While the defendant appeared at the same term of court at which the judgment was rendered and filed its amended motion for a new trial, and to set aside the service by reason of defects in the sheriff's return, yet the only attack which is made upon same is:

(1) That "the trial court erred in rendering judgment by default against this defendant for the reason * * * neither said petition, the citation issued by the clerk thereunder, the returns of the officer thereon, nor the record in this case shows John R. Young the person upon whom service was attempted to be had, was such officer or agent of such foreign corporation, as the statutes of this State require service to be had upon. * * *" And

(2) That "the trial court erred in rendering judgment by default against the defendant for the reason * * * there being no proof that John R. Young the person upon whom service of citation was attempted to be had in this case was such officer or agent of such corporation as the statutes of this State require service to be had upon. * * *"

It will be observed that these allegations nowhere deny that John R. Young was the local agent of the defendant at the time and place the officer delivered him the process. The form of the return is criticized, *but the fact of agency is not denied.* The amended return met the criticism entirely. Evidently the fact of agency was never put in issue by the plea or motion. Further, the motion to set the judgment aside and for a new trial, written in a spirit of frankness, is hardly to be interpreted as denying the agency of John R. Young, or that the defendant did not receive through him the citation and certified copy of the petition evidenced by the returns.

In support of the conclusions herein, we desire to call particular attention to the opinion in Missouri Pacific Ry. Co. v. Wise, above cited. It is there held: "The citation commanded service thereof to be made upon the defendant, the Missouri Pacific Railway Company, and in other respects complied substantially with the requirements of the statute. It is not essential, though it is proper, and the better practice, in a citation against an incorporated company, to name therein the local agent upon which the same is to be served. An omission to do so, as there was in this case, does not invalidate the citation. Ry. Co. v. Gage, 63 Tex. 568; [International & G. N. R. Co. v. Sauls] 2 Willson, Civ. Cas. Ct. App. § 242. The return upon the citation shows that it was served upon A. E. Davis, the local agent of defendant company, by delivering to him in person a true copy of the writ, stating the date of such service. This shows a legal service." This was quoted with approval by Judge Maxey in Illinois Steel Co. v. San Antonio & G. S. Ry. Co., supra.

From the foregoing we conclude that the service and officer's return of process were in law sufficient, and proposition 1 and assignments 1, 2, and 3 are overruled.

Before proceeding to a consideration of the various other questions raised by the appellant's brief, we desire to state at this point that a careful examination has been made of its brief and we fail to find that any assignment is presented therein to this court complaining of the action of the trial court in overruling the motion to set aside the judgment by default and grant the defendant a new trial. Under the authority of Gatlin v. Dibrell, supra, this would preclude the appellant from presenting any such question on this appeal and disposes of the same in favor of the appellee. In that case, similar to the instant one, and considering a like question, the Supreme Court held: "If there was error at all, it was in the ruling of the court denying the motion to set aside the judgment, which is not complained of. If the action of the court in overruling (the motion) was complained of here, so as to require our decision upon it, we are clearly of opinion that the evidence offered to prove the falsity of the return was wholly insufficient."

If we are mistaken in the foregoing conclusion, and the proposition does not preclude or render unnecessary further consideration of points presented in the brief, then we dispose of them as follows: (1) All the remaining propositions and assignments of the appellant pertain to matters which were foreclosed by the default judgment. For instance, the second proposition and assignment 4 complain that the court erred in rendering the default judgment against the appellant, in that there was no admissible evidence that the appellee duly filed with the Industrial Accident

Board notice that he would not abide by the adverse ruling made by the Board. The fifth assignment complains that there was no admissible evidence showing that the required notice of dissatisfaction or unwillingness to abide by the ruling of the Board was filed within twenty days after the adverse ruling, etc. Since a default judgment operates as an admission of the material facts alleged in the petition, or, as otherwise expressed, a judgment by default admits all the facts that are well pleaded (25 Tex. Jur. p. 403, §§ 38, 39, et seq.), the questions raised by such assignments and propositions become immaterial in the state of this record. We, therefore, pass to a consideration of the merits of the motion to set the judgment aside.

■■ 2. That motion is itself in the nature of a bill of review and is not verified. The allegations of the motion are to the effect that the defendant had a meritorious defense to the suit, and that the judgment is in no wise attributable to any fault or negligence on its part in presenting its defense. Further, the allegations are denied by the plaintiff's answer thereto. If the allegations relating to a meritorious defense, diligence, etc., on the part of the appellant be deemed sufficient to present such issues, nevertheless it did not support them with any character of proof. They were not even supported by ex parte affidavits. In this state of the record, and upon these issues, the court committed no error in overruling the motion. Cragin v. Henderson County Oil Dev. Co. (Tex. Com. App.) 280 S. W. 554; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195, 199; Gatlin v. Dibrell, 74 Tex. 36, 11 S. W. 908; Texas Standard Life Ins. Co. v. Mitchell (Tex. Civ. App.) 68 S. W.(2d) 628, 630; Humphrey v. Harrell (Tex. Civ. App.) 19 S.W.(2d) 410; Id. (Tex. Com. App.) 29 S.W.(2d) 963, 964; Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Lee v. Zundelowitz (Tex. Civ. App.) 242 S. W. 279; Homuth v. Williams (Tex. Civ. App.) 42 S.W. (2d) 1048; Peters v. Hubb Diggs Co. (Tex. Civ. App.) 35 S.W.(2d) 449; Briggs v. Ladd (Tex. Civ. App.) 64 S.W.(2d) 389; Booker v. Coulter (Tex. Civ. App.) 151 S. W. 335; Wear v. McCallum, 119 Tex. 473, 33 S.W.(2d) 723; Canion v. Brown (Tex. Civ. App.) 48 S.W. (2d) 1031; Colorado River Synd. Subscribers v. Alexander (Tex. Civ. App.) 288 S. W. 586; El Paso & S. W. R. Co. v. Kelley, 99 Tex. 87, 87 S. W. 660; Gilbert v. Cooper, 43 Tex. Civ. App. 328, 95 S. W. 753; Western Lumber Co. v. Chicago, R. I. & G. Ry. Co. (Tex. Civ. App.) 180 S. W. 644; Thomas v. Goldberg (Tex. Civ. App.) 283 S. W. 230; Counts v. Southwestern Land Co. (Tex. Civ. App.) 206 S. W. 207; Miller v. First State Bank & Trust Co. (Tex. Civ. App.) 184 S. W. 614.

The service of process being sufficient, it was necessary, among other things, for the appellant to make a prima facie showing of a meritorious defense. Cragin v. Henderson County Oil Dev. Co., and other authorities, supra; Chaney v. Allen (Tex. Civ. App.) 25 S.W. (2d) 1115; Farrell v. Truett, Abernathy & Wolford (Tex. Civ. App.) 60 S.W.(2d) 475.

By neither pleading, nor proof, was the judgment shown to be chargeable to fraud or misconduct on the part of the plaintiff. Panhandle C. & W. Co. v. Best (Tex. Civ. App.) 58 S.W.(2d) 140; Thomas v. Goldberg, supra.

The defendant's second amended motion to set aside the judgment is incorporated in the bill of exception purporting to bring before this court the testimony on the hearing on the motion. As said in Humphrey v. Harrell, supra: "The fact that plaintiffs introduced their petition did not meet the requirement of the rule stated, and the trial court correctly held that they were not entitled to the relief prayed for." The court was there considering the showing essential to the setting aside of the judgment by default.

■ No evidence having been introduced in support of the alleged meritorious defense, naturally the trial court was unable to determine that a new trial might reasonably result in a different judgment. This court is in the same attitude. As said in Lawther Grain Co. v. Winneford, supra: "Courts ought not in such cases set aside judgments rendered except upon a showing which, if true and unexplained, would change the result on a subsequent trial."

Further, the disposition of the motion for a new trial rested in the sound discretion of the trial court, and this court would not be warranted in setting aside that judgment unless it affirmatively appeared that such discretion had been abused. No such showing is made. Texas Standard Life Ins. Co. v. Mitchell, Thomas v. Goldberg, Peters v. Hubb Diggs Co., Farrell v. Truett, Abernathy & Wolford, Briggs v. Ladd, supra; Sneed v. Sneed (Tex. Civ. App.) 296 S. W. 643; Homuth v. Williams, Lawther Grain Co. v. Winneford, supra; Davis v. Cox (Tex. Civ. App.) 4 S.W. (2d) 1008; Cragin v. Henderson County, supra; St. Paul Fire & Marine Ins. Co. v. Earnest (Tex. Civ. App.) 293 S. W. 677.

■■ Under the facts of this case there is no merit in the contention that appellee's attorney should have notified the appellant's at-

torney when the case would be called for trial. Under the law no legal duty rested upon the attorney for the plaintiff to refrain from taking judgment without notifying the opposing counsel, known to represent the opposite party. Davis v. Cox (Tex. Civ. App.) 4 S.W. (2d) 1008 (6); Stevenson v. Thomas (Tex. Civ. App.) 56 S.W.(2d) 1095. In this case, the petition upon which the judgment was taken showed a good cause of action as against the general demurrer. The judgment was taken upon a writ of inquiry pursuant to which testimony was introduced in support of the essential allegations of the petition. In that state of the record and in view of the nature of the contentions here made, we are doubtless not called upon to review the testimony originally offered in support of the judgment (Sugg v. Thornton, 73 Tex. 666, 9 S. W. 145; Gilbert v. Cooper, 43 Tex. Civ. App. 328, 95 S. W. 754), but we have examined the same and cannot say that the judgment as originally entered is without support in the testimony on any material element. However, it is believed that the points material to a consideration and a disposition of this appeal, aside from the sufficiency of service and return, pertain merely to meritorious defense, diligence, fraud, accident, or mistake, vel non. Cragin v. Henderson County, supra, and the authorities last cited.

After a careful consideration of the points presented, we have reached the conclusion that the judgment of the trial court should be affirmed. For the reasons assigned it is so ordered.

## On Rehearing.

In our recent opinion, after calling attention to the fact that appellant appeared at the term of court at which said judgment was taken, and filed an original and amended motion to set the judgment aside, we used this language: "After the judgment by default was granted, and prior to the overruling of the motion to set same aside, the court permitted the plaintiff to have the sheriff of Harris county to amend his original return on the citation, and as amended it reads (here follows the amended return). When the amended motion to set aside the judgment was before the court for consideration, the amended return was called to his attention. * * * The service and return of process on the defendant is under attack."

Further on in the opinion, we also said: "As above stated, the sheriff's return on the citation was amended prior to the hearing on the motion to set the judgment aside. The right to so amend is not challenged, and such

seems to be the undoubted right of the interested litigant or the officer. Article 2044, R. S. 1925; El Paso & S. W. R. Co. v. Kelly (Tex. Civ. App.) 83 S. W. 855; Id., 99 Tex. 87, 87 S. W. 660; Delaware Ins. Co. v. Hutto (Tex. Civ. App.) 159 S. W. 73; Canadian & American Mortg. & Trust Co. v. Kyser, 7 Tex. Civ. App. 475, 27 S. W. 280; Wilson v. Wagner Supply Co. (Tex. Civ. App.) 260 S. W. 982; 21 R. C. L. p. 1329, § 277 et seq. The citation is regular and reflects the essential elements of the petition. The return, as amended, meets in all respects the requirements of the law showing legal service on the defendant through its 'local agent.'"

After touching upon the above conclusions by this court, the appellant in its motion states: "In its opinion this court erroneously states that 'the court permitted the plaintiff to have the sheriff of Harris County amend his original return on the citation.' It is sincerely believed that this court will reconsider and correct this erroneous statement * * *." It is further stated in the motion for rehearing: "This finding is not supported by the record; no application for such amendment ever having been filed, and no order ever having been made."

The contention somewhat differently stated is also made in the motion thus: "The Court of Civil Appeals erred as a matter of fact in holding that the right of the appellee to amend the sheriff's return on the citation after judgment had been rendered, and without any application or authority of the court, and without setting aside the judgment previously rendered, is not challenged." Again it is asserted in the motion that: "The court as a matter of fact erred in holding (wherein it) found that the right to have the sheriff so amend his return was unquestioned, and that such return (as amended) disclosed service on the defendant through its local agent. After the judgment was rendered, and without any authority of the court such statement of the sheriff on the back of the citation cannot be considered for any purpose of fact."

Our statements pertaining to the matter of permitting the sheriff to amend his return were believed to be warranted (1) by the statute relating thereto, (2) the state of the record, and (3) the nature of the propositions presented. The statute reads: "Any mistake or informality in a return may be corrected by the officer at any time under the direction of the court." Article 2044, R. S. 1925.

This has been the law since the beginning of statehood, and this right to amend seems

unlimited in time. As pointed out in the original opinion and authorities there cited, no notice to the opposite party is necessary if the amendment is made during the term of the court at which the judgment is rendered, and we are not here concerned with an amended return coming after the expiration of the term, if indeed there be any difference.

■ Neither are we dealing with a void process. Nothing is involved here but a defective or informal return by the sheriff, and the situation and rights of the party are analogous to a defective citation, as in the case of Crain v. Griffis, 14 Tex. 358, 363. The objection here, if in fact presented by the record, does not go to the validity of the process.

Obviously, the matter of amending a sheriff's return on a citation is statutory and plain. The rule generally as stated in 21 R. C. L. p. 1330, § 78, is as follows: "There is no specific limitation of time within which an amendment to a sheriff's return of service of a writ of summons must be made. In the exercise of the discretion reposed in the courts, it is obvious they must be governed by the circumstances of each particular case. *The right may be exercised after judgment as well as before.* In some cases it has been exercised, even though a suit or motion founded on the original return was pending at the time, or proceedings had been commenced against the officer for a false return * * *." (Italics ours.) The same text, in section 79, p. 1331, further states the rule of law: "Since, however, the question of jurisdiction is dependent on the *fact of service*, and not on the proof thereof, a return failing to show the necessary jurisdictional facts, although such facts really existed, may be amended so as to conform to the truth, *not for the purpose of validating a void judgment but to show that the judgment never was void.*" (Italics ours.)

This right in an officer to amend his return in accordance with the facts is liberally indulged. Under the head of "Appeal and Error," 3 C. J. p. 1267, § 1383, the law is stated thus: "Although there are some decisions to the contrary, the general rule is that an amendment nunc pro tunc of the officer's return of the service of process is allowable after appeal or writ of error brought. The application for leave to amend is addressed largely to the discretion of the court, which discretion is liberally exercised when in the furtherance of substantial justice and where the interest of innocent third parties will not be affected."

The text supports the proposition in the latter part of the first sentence with authorities from various jurisdictions, citing Thomson v. Bishop, 29 Tex. 154, to be discussed later on in this opinion. Defects not affecting jurisdiction, as the one here involved, are amendable, and many such are specified in 50 C. J. p. 608, par. 365. See Messner v. Lewis, 20 Tex. 221, 225; 21 R. C. L. p. 1331, § 79.

■ It is further insisted in the motion for rehearing that no authority or permission of the court was shown as a basis for the sheriff's amended return. We have searched diligently for a statute or authority stating that such permission, or the order granting the same, must be required, or evidenced in some particular manner, as for instance by written motion, etc. We have found none, and have been cited to none. According to the record before us, when this matter of the "amended return" was first mentioned in the presence of the court in session, the entire return, or both returns (if it be a more accurate designation), were offered in evidence before the judge then trying the issues arising out of the motion to set aside the judgment, and after various objections thereto, hereinafter to be particularly noticed, the return, or the amended return, was admitted in evidence, and the conclusion of the court on the trial of those issues amount to a definite finding in favor of the validity of the return as amended, and since we so interpret this action of the court, we assume that the entire proceeding relating to the return as amended was with the knowledge and consent of the court, and, therefore, presumptively done with its authority. Otherwise, it seems to us the instrument, or the return as amended, would have been rejected when offered in evidence.

Further, we thought the observation in the original opinion that the manner of amendment, etc., passed unchallenged was warranted in view of the particular objections urged by the appellant to the introduction in evidence of the amended return. The only objections urged to the introduction of the amended return as evidence were the following: "We want to make an objection to that, the amended return, (1) because it comes too late, after the case has been tried, judgment rendered, and on motion for new trial, and (2) without any notice to the defendant of the requiring of the sheriff to make any amended return, we object to it on those grounds."

We insert "(1)" and "(2)" that the objections made may specifically appear. In view of the statute it cannot be said that the

amendment came "too late." And, while apparently conceding "the requiring of the sheriff to make * * * amended return," nevertheless it is certain that the only complaint made in the objections is that the return was amended "without any notice to the defendant," the appellant here. The vice suggested to the trial court was lack of notice, etc. In the original opinion it is demonstrated that no notice was necessary.

It is obvious from the above excerpt that no objection to the reception of the amended return in evidence was predicated on the absence of permission of the court to allow the amendment.

██ Further, the objections to the introduction of the amended return being specifically stated above, it would seem that other grounds, or reasons, not mentioned as a basis for the objection would be waived. The inclusion of particular things excludes others. There is not an intimation in objections (1) and (2) that the consent of the court had not been obtained, or that any defect or insufficiency in that respect underlay the return. On the other hand, the objections made seem to carry the affirmative suggestion that the amendment had been "required." .

 Further, the appellant in challenging our statement that the right to amend the return, etc., seems not to have been questioned submits "that the first three assignments expressly challenge this right * * *." We shall state them, and add thereto the first and only proposition of law based on these assignments. This proposition, in the performance of its true function, etc., is deemed to be a correct statement of the reason why each of the three assignments is an error under the record. Clarendon Land Inv. Agency Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105.

"First Assignment. The court erred in rendering judgment in this case against the appellant because the service in the case and the sheriff's return upon the citation are not sufficient to support a judgment against the appellant in the absence of any appearance by it, in that it was alleged in the plaintiff's petition that the appellant was a foreign corporation, with permit to do business in Texas, with an office in Houston, Harris County, Texas, with John R. Young in charge thereof, as the duly authorized attorney for service of legal process; the citation issued on said petition, and directed to the sheriff or any constable of Harris County, Texas, directed such officer to summon the appellant, a private corporation, and contained no directions as

to any person to whom such citation should be delivered; the sheriff's return upon the citation recited that the writ was executed by summoning the appellant, a corporation, by delivering John R. Young, agent of such company, in person, a true copy of the writ; *no proof on the trial was* made regarding this; such service and sheriff's return with the allegations in the petition will not support a default judgment.

"Second Assignment. *The trial court erred in rendering judgment by default against this defendant, for the reason that it affirmatively appears from the allegations of the plaintiff's original petition, that the defendant herein is a foreign corporation, and neither said petition, the citation issued by the clerk thereunder, the return of the officer thereon, nor the record in this case, shows that John R. Young,* the person upon whom service was attempted to be had, *was such officer or agent of such foreign corporation, as the statutes of this State require service to be had upon in* suits against foreign corporations, and defendant therefore says, that this court was without jurisdiction to render judgment by default against this defendant.

"Third Assignment. The trial court erred in rendering judgment by default against this defendant, for the reason that it affirmatively appears from the allegations of plaintiffs' original petition that defendant is a foreign corporation, and the citation issued thereunder, not giving the name of the agent of such corporation, upon whom service could be had, and *there being no proof that John R. Young,* the person upon whom service of citation was attempted to be had in this case, *was such officer or agent of such corporation as the statutes of this State require service to be had upon in suits against foreign corporations, this court was without jurisdiction to render judgment by default against this defendant."

"First Proposition. Where the appellee in his petition alleged that the appellant, the defendant in the trial court was a foreign corporation with a Texas Permit, with an office in Texas, with John R. Young in charge thereof as the duly authorized attorney for service of legal process, and the citation issued upon such petition, commanded the officer to summon the appellant without directing him how to summon the appellant, nor to whom to direct the citation, and where the sheriff made his return upon such citation, that he had executed it by summoning the appellant, a corporation, the within named defendant, by delivering John R. Young, Agent of the Company, a copy of the writ, and, upon the trial of the case, *no proof is offered re-*

*specting the agency of the said John R. Young*, a judgment rendered upon such pleadings, citation, return and record is without proper support, and must be set aside." (Italics ours.)

We have italicized the gist of what we conceive to be the real contention indicated in the assignments and proposition above. Undoubtedly the gist of the complaint, as shown in the proposition, is that at the taking of the judgment "no proof is offered respecting the agency of the said John R. Young." According to the proposition, the absence of such proof is the vice that destroys the ruling or judgment.

Let us pass from the proposition to the assignments and see the contentions fairly raised by them, granting that it is permissible for us to do so. The first assignment is in substance the same as the proposition, and in the light of the statute prescribing what agents of a corporation may be served, that assignment, after reciting certain matters of record, states the vice to be "no proof on the trial was made regarding this," the agency of Young, and "such service and sheriff's return with the allegations in the petition will not support a default judgment."

The second assignment recites in substance the same matters of record, and asserts that the court erred in that "neither said petition, the citation * * * return of the officer thereon, nor the record * * * shows John R. Young was such officer or agent of * * * corporation as the statute of this State requires service to be had upon."

The third assignment makes the same recitations and again points out that there was "no proof" of the agency of John R. Young as a proper person on whom service could be made on the corporation.

We are unable to see that the right of the sheriff to amend his return, or that the manner in which it was done is challenged by these assignments relied on by the appellant to raise such contention. If we be mistaken, however, then the proposition and the assignments appear above and speak for themselves.

In the appellant's motion for rehearing we are cited to the case of Thomason v. Bishop, 24 Tex. 302. In the motion we find this language: "It is true that the statute says that any mistake or informality may be corrected by the officer at any time under the direction of the court. However, the power of the court to so amend or correct should be exercised in such a manner as not to deprive the defendant below of the substantial right of pleading any matter of defense after it is made to appear to the court that the defendant has been properly served. Where all this is not done, it should be regarded as if no amendment of the return had ever been made and such judgment will be reversed and the cause remanded."

As above stated, we do not believe the assignments raise this question, but if the proposition as an abstract one be correct, which we doubt, we do not think the case cited is controlling under the facts of this case. Here the amendment was at the same term at which the judgment was granted, and it is unnecessary to consider what the rule would be if the amendment had been made at a subsequent term. Further, the opinion in the Bishop Case carries much dicta. It is difficult to appraise that opinion, except in the light of the radical qualification thereof to be found in the later opinion of our Supreme Court, through Chief Justice Moore, in Burke v. Thomson, 29 Tex. 158. In this last opinion liberal quotations are made from the first one in an effort to clarify it and demonstrate "the spirit and intention of the decision of the court" in the Bishop Case. The syllabus to Judge Moore's opinion interprets the Bishop Case thus:

"The principle in Thomason v. Bishop, 24 Tex. 302, explained to mean, that the sheriff may amend his return by leave of the court, in accordance with the statute. * * *

"Such an amendment might be made independently of the statute by bill of review, but it may be made at any time under the direction of the court."

Of course, if the method by bill of review had been adopted by the plaintiff as suggested by way of dicta in the Bishop Case, and the plaintiff himself had caused the judgment by default to be set aside, and the defendant was there ready to answer, there would be no question, we think, of the defendant's right to present his defense and be heard thereon. However, if the plaintiff pursues the statutory direction and amends the process, the defendant's position may not be so fortunate, and he would have no one to blame for his predicament but himself. Witness the language of our Supreme Court in Burke v. Thomson, 29 Tex. 159, 162, wherein it is said that the rule announced in the Bishop Case " * * * is quite as liberal a construction of the statute as can be justly asked for the protection of defendants who have been, in fact, duly served with process, but who have watched and detected the informality of the return, and therefore declined answering during the term at which they were cited to ap-

pear. *The opportunity of a defendant who rests upon the defect in the return to plead night, it seems, be as effectually cut off by an amendment during the term after default day, as if made at a subsequent term.* And especially is this so when, in the one instance, it may be done without, while in the other it is after full notice to himself or attorney of record. * * *" (Italics ours.) "We cannot agree that a party who has been duly and legally served, but having watched for and ascertained the defect in the return, fails to answer at the term to which he has been duly notified, choosing to rely simply upon the mistake of the officer, has any claims upon the indulgence of the court, or can complain if he should not receive notice of an application to correct such judgment for the same length of time before the beginning of the term as is required for an original suit."

In announcing the above rule, the Supreme Court nevertheless affirmed the judgment by default. The case had once before been to the Supreme Court by writ of error, and on reversal of the judgment at that time, when the case again came on for trial in the lower court, it was held that the former appeal put defendant in court and subject to default judgment.

In harmony with the spirit and principle of the decision by Judge Moore is that by the Supreme Court of Alabama in Hefflin v. McMinn, 2 Stew. 492, 20 Am. Dec. 58. That opinion dealt with a judgment by default and a subsequent amendment by the officer of' his return. It is there held: "It is insisted that the amendment made in the sheriff's return by leave of the Circuit Court, cannot cure the defect in the judgment so as to prevent a reversal. We are, however, of a different opinion. Courts have extended great latitude to ministerial officers, in permitting them to amend their returns, so as to conform to the facts of the case. This prevents injury from casual mistakes, in which the parties have no agency, and by which they should not be prejudiced. But completely to effectuate this purpose, it is necessary that the return, when amended, should relate back to the period at which it was to have been made. In the present case, the plaintiff in error knew at the time he sued out his writ of error to reverse the judgment, that the original process had been served upon him; he had all the advantage of notice from such service; and to permit him to reverse for the clerical mistake of the Sheriff, would be to allow him to convert that which did not affect his rights into a means of injustice to the opposite party, who

had nothing to do with the omission complained of."

In Barnard v. Stevens, 2 Aikens, 429, 16 Am. Dec. 733, the Supreme Court of Vermont, discussing a similar question, said: "It is undoubtedly true, as a general rule, that an officer may be permitted to amend his return, at the term of the court to which the process is returnable, or, indeed, at any subsequent term, provided the rights of third persons will not be affected by it, and there is something on the record by which the amendment or correction can be made."

The original return contained the date the process was received, the time when it was executed, and all other data necessary by which to amend.

See Allison v. Thomas, 72 Cal. 562, 14 P. 309, 1 Am. St. Rep. 89; Jeffries v. Rudloff, 73 Iowa, 60, 34 N. W. 756, 5 Am. St. Rep. 654; Shenandoah Valley R. Co. v. Ashby's Trustees, 86 Va. 232, 9 S. E. 1003, 19 Am. St. Rep. 898, and notes, 13 Am. Dec. 177. In keeping with the statute such amendments would seem to be allowed at any stage of the proceedings. 50 C. J. p. 607, § 363; Thomason v. Bishop, 24 Tex. 302; Porter v. Miller, 7 Tex. 468.

The rule, as above quoted from the case of Burke v. Thomson, and as stated in the opinion of the Supreme Court of Alabama, is believed to be a sound proposition of law, and applicable to the facts of this case. The logic of these opinions sustains the trial court in permitting the amendment in this case and in upholding the same as against the particular objections urged thereto.

At this point we again refer to the case of Thomason v. Bishop. It is there said that the plaintiff below, in order to obviate a defective, or informal, officer's return, should have filed his petition setting forth the facts and asked the court to set aside the judgment thus erroneously entered in his favor and have served the defendant with process as in an original suit. The further statement is there made that the defendant below, being in court and the judgment being set aside, could have had a full opportunity to plead any defense which he may have had to the action. The course thus prescribed by the court in that opinion was to make a bill of review available for the correction of an objection to a judgment by default on a defective return. But, says the Supreme Court in the later case of Burke v. Thomson, in discussing that phase of the first opinion: "The court was not called upon to determine the character of

proceeding which must be resorted to in order to correct such defective return." However, let it be conceded that a bill of review by the plaintiff is appropriate to correct such defective return, the court would necessarily consider and act upon the same in term time, and the original judgment having been set aside, and the defendant being present and answering to the merits of the case, clearly the defenses should be heard under those circumstances.

On the other hand, if the plaintiff, with his default judgment, avails himself of the above-quoted statute for the purpose of correcting any mistake or informality in the return, the defendant would, doubtless, find himself in the situation described by our Supreme Court in the opinion of Burke v. Thomson, wherein it was said: "The opportunity of a defendant who rests upon the defect in the return to plead might, it seems, be as effectually cut off by an amendment during the term after default day, as if made at a subsequent term."

Under the statute a trial court has the authority to direct officers to amend returns in matters of mistakes and informalities, and make them conform to the facts of the case. If after the adjournment of the term of court, and during vacation, the plaintiff, upon proper showing, applies to the court to have a sheriff amend or correct such defects in his return, he would be entitled to have the officer to so amend it, but clearly there would be no place or opportunity at such time in vacation for the defendant to appear and urge his defenses. If an amendment under the statute presupposes the right of a defendant to appear and present his defenses, the same as may be the case with him if the plaintiff undertook to cure the defect in the return by a bill of review (Thomason v. Bishop), then the statute relative to correcting mistakes and informalities "at any time" would have no application except during that time prior to the taking of the judgment in the first instance and the filing of the original return in court. The statute has a broader application, for it says that such correction may be made "at any time under the direction of the court." Under an attack by bill of review and on regular hearing, the original judgment would be set aside if there was merit in the bill. We have quite a different situation when a sheriff's defective return is amended under the provisions of the statute after adjournment of the term. The trial court would have jurisdiction of its record to correct a mistake or informality, but any effort or order on its part to modify or set aside the original decree would be void. This is elementary and no citation of authorities is needed. See Imlay v. Brewster, 3 Tex. Civ. App. 103, 22 S. W. 226. Hence, it is our opinion that a defendant, who rests upon a defect in the return and fails to plead, may find his opportunity to do so effectually cut off by an officer's amendment during a term after default day.

Other assignments and propositions in the brief relate to matters put at rest by the default judgment itself.

That portion of our original opinion which reads as follows:

"Before proceeding to a consideration of the various other questions raised by the appellant's brief, we desire to state at this point that a careful examination has been made of its brief and we fail to find that any assignment is presented therein to this court complaining of the action of the trial court in overruling the motion to set aside the judgment by default and grant the defendant a new trial. Under the authority of Gatlin v. Dibrell, supra, this would preclude the appellant from presenting any such question on this appeal and disposes of the same in favor of the appellee. In that case, similar to the instant one, and considering a like question, the Supreme Court held:

"'If there was error at all, it was in the ruling of the court denying the motion to set aside the judgment, which is not complained of. If the action of the court in overruling (the motion) was complained of here, so as to require our decision upon it, we are clearly of opinion that the evidence offered to prove the falsity of the return was wholly insufficient'"

—is hereby withdrawn as inapplicable to the facts of this record. In other respects we adhere to our former opinion.

For the reasons assigned, the motion for rehearing is overruled.